Mathis v. State—Syllabus.

1. In a criminal prosecution for murder where the defendant is a witness and is asked by his counsel if prior to that time he had ever been charged with any violation of law or had any trouble, such questions may be excluded when their relevancy is not shown, since they go to particular facts not in issue and not to the general reputation of the defendant.

2. An affidavit in support of a ground of a motion for new trial should be evidenced to the appellate court by being incorporated in the bill of exceptions.

3. Where there is ample evidence to sustain a verdict and there is nothing to indicate that the jury was not governed by the evidence, the verdict will not be disturbed.

Writ of error to the Circuit Court of Jackson County.

The facts in the case are stated in the opinion of the court.

*Lewis & Buford,* and *Smith & Davis* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, C. J.—The plaintiffs in error were convicted of murder in the first degree and took writ of error.

At the trial the court excluded the following question asked the defendant Sam Mathis by his counsel: "Have you ever, prior to this time, been charged with any violation of law?" The court also excluded the following questions asked the defendant Obe Mathis by his counsel: "Have you ever had any trouble prior to that time?" "Have you ever been charged prior to that time, with any violation of the law?"

These questions related to particular facts that do not appear to have been relevant to the issue being tried and were properly excluded. Whether the defendants had previously violated the law or had trouble is not shown to have had any bearing on the question of their guilt or innocence of the offense charged. The questions asked do not go to the general reputation of the defendant, and the particular issues of fact tendered by the questions were not within the purview of the issues being tried.

The ground of the motion for new trial that intoxicating liquor was used by the jury when considering their verdict cannot be passed upon as there is no evidence in the bill of exceptions to support the motion. The affidavit of a juror as to the use of beer and whiskey in the jury room copied into the record proper cannot be considered as evidence of a matter *in pais* even if the affidavit of a juror is competent evidence for the purpose and the statements therein could effect the verdict rendered.

There is ample evidence to sustain the verdict and there is nothing to indicate that the jury was not governed

by the evidence in reaching their verdict even if the affidavit above mentioned be considered.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.