H. P. LANGFORD, *Plaintiff in Error,* v. KING LUMBER & MANUFACTURING Co., a corporation under the laws of the STATE OF FLORIDA, *Defendant in Error.*

146 So. 588.

Division B.

Opinion filed February 24, 1933.

*John B. Singletary* and *L. O. Stephens,* for Plaintiff in Error;

*E. J. L'Engle, J. W. Shands* and *Edw. McCarthy, Jr.,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment rendered on a directed verdict for the defendant at the close of the plaintiff's testimony.

The action was on an agreement to pay commissions for procuring a purchaser ready, able and willing to buy real estate at a stated price per acre on specified terms.

Assuming that the evidence tends to show an agreement by the defendant to pay the entire commission to the plaintiff, Langford, upon producing a purchaser as agreed, the 'subsequent transactions between the defendant's representatives and Langford and one McCoy, as disclosed by testimony and by a written instrument, show that the defendant was requested by Langford to pay to McCoy who was present, "half of the commission that was due," and

that the defendant acted on the request by them to each one-half of a part of the amount due and by later sending to Langford a written instrument which was endorsed by Langford:

*"To H. P. Langford and J. W. McCoy:*

"We hereby acknowledge that there is a balance due of $11,029.96 as commission on the sale of a tract of land which we own South of Kinsey to the G. M. & R. J. Development Co., which commission we hereby agree to pay when the G. M. & R. J. Development Co. makes full payment of the first maturing note which they gave to us as the balance of purchase price thereon with interest, and when same is paid we agree to allow on said commission the same rate of interest as the notes of the G. M. & R. J. Development Co. bears.

> "KING LUMBER & MFG. COMPANY,
> "By H. T. Davis,
> "Sec. and Gen. Mgr.

"Arcadia, Florida,
"October 5, 1925.

> "ARCADIA, FLORIDA,
> "October 30, 1925.

"For value received I hereby assign to the DeSoto National Bank of Arcadia my share of the above commission.

> "H. P. LANGFORD."

The evidence does not show, as a matter of law, that the defendant is obligated to pay to McCoy, who is not a party to the action, a part of the commission sued for or that the amount claimed is to be paid upon the contingency of

a payment by the purchaser to the defendant, therefore a verdict for the defendant should not have been directed.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.