H. P. Langford v. King Lumber & Manufacturing Company.

181 So. 395.
Opinion Filed October 22, 1937.
Judgment reaffirmed June 7, 1938.

*L. O. Stephens, John B. Singeltary* and *Roberts & Wells,* for Plaintiff in Error;

*E. D. Treadwell, E. J. L'Engle, J. W. Shands* and *Edward McCarthy, Jr.,* for Defendant in Error.

ON REARGUMENT ON SECOND REHEARING GRANTED.

PER CURIAM.—On the first writ of error herein, taken to a final judgment for defendant on a directed verdict at the close of the plaintiff's testimony, this court reversed the judgment, and in the opinion held that:

"The evidence does now show, *as a matter of law*, that the defendant is obligated to pay to McCoy, who is not a party to the action, a part of the commission sued for or that the amount claimed is to be paid upon the contingency of a payment by the purchaser to the defendant, therefore a verdict for the defendant should not have been directed." Langford. v. King Lumber & Mfg. Co., 108 Fla. 463, 146 So. 588.

In effect this holding was that in view of the nature of the plaintiff's claim, as stated in the pleadings, including that upon the written instrument sued on, the issues as made should have been submitted to the jury for their determination, and not determined by the court in directing a verdict for the defendant as was done.

The amended declaration upon which the cause was tried contained seven counts; and the original opinion on the present writ of error which was taken to a final judgment rendered on a verdict for the defendant, dealt with all the counts and the issues determined thereon. Only the third and fourth counts annd the proceedings had thereon need be considered in this opinion.

On a petition for rehearing, this court "ordered that a reargument of this cause be had on the following questions:

"(1) Whether a judgment of *nil capit,* as distinguished

from in abatement, predicated on a plea of non joinder of proper parties plaintiff, can be sustained as a matter of law on the third and fourth counts under the pleadings as framed."

"(2) Whether or not the only appropriate judgment that can be rendered by the appellate court is to affirm the judgment as to the common counts but to reverse it as to the third and fourth counts with a direction for retrial of the issues under those counts, subject to the privilege of defendant to file such valid amended or additional pleas to said counts as may be deemed necessary to conserve the defendant's defenses, if any, to the causes of action laid in the third and fourth counts."

The statutes and Rules of Court contain the following:

"Pleas to the jurisdiction or in abatement may be pleaded in any action with pleas in bar or to the merits, and such pleas shall be tried at the same time and together or separately, as the court may direct or see fit to do." Sec. 4319 (2653) C. G. L.

"The defendant may plead as many matters of fact as he may deem necessary to his defense." Sec. 4320 (2654) C. G. L.

"A defendant may either traverse generally such of the facts contained in the declaration as might have been denied by one plea, or may select and traverse separately any material allegation in the declaration, although it may have been included in a general traverse." Sec. 4321 (2655) C. G. L.

See Secs. 4206 (2566), 4207 (2567) C. G. L.; see also Rules 37 and 38.

"In all actions on simple contract, except as hereinafter excepted, the plea of non assumpsit, or a plea traversing the contract agreement alleged in the declaration, shall operate only as a denial in fact of the express contract, promise or

agreement alleged, or of the matters of fact from which the contract, promise or agreement alleged may be implied by law." Rule 25, new Rules of Practice; Rule 64, old Rules.

"The plea of 'never was indebted' shall be applicable to the declaration embraced in forms from one to twelve inclusive, as prescribed in Section 2648 Rev. Gen. Stat. (Section 4312, Comp. Gen. Laws) and to those of a like nature, embracing generally causes of action which constitute the foundation for an action of debt on simple contract, except bills of exchange and promissory notes. To such causes of action * * * the plea of 'never was indebted' shall operate as a denial of those matters of fact from which the liability of the defendant arises." Par. 3, Rule 25, new Rules, Rule 64, old Rules.

"*Non Joinder of Plaintiffs in Action on Contract.*—Want of proper plaintiffs in an action on a joint contract is an exception to the merits. In any such action, if any in whom the legal· interest vests and whom the law requires to be joined be not joined, a plea in abatement is not necessary, but the defendant may take advantage of the omission on the trial, under the general issue, as the contract will not be the same pleaded, or he may move in arrest of judgment or proceed by writ of error if the defect appears on the record. 20 R. C. L. 701.

"At common law, the nonjoinder of a necessary party plaintiff in actions *ex contractu* is fatal, whether or not it is pleaded in abatement. Objection may be by plea in abatement, by demurrer, or, on trial the objection may be urged under the general issue." 20 Standard Encyc. of Procedure 990.

See 1 C. J. 124, Sec. 197; 15 Encyc. Pl. & Pr. 564.

On this writ of error the "statement of questions involved," as made under Rule 20 of the Supreme Court

Rules by counsel for the plaintiff in error, is in substance and effect whether a new trial should have been granted (1) for alleged misconduct of a juror; (2) on the legal effect of the evidence stated to be contrary to the verdict; (3) for charges upon the evidence stated to be erroneous and confusing to the jury; and

(4) "When the trial judge erroneously charges the jury as to the law of a case upon the issues as made by the pleadings therein, and erroneously defines the province of the jury in determining the weight and burden of proof of the evidence to sustain such issues and concerning the jury's decision upon the evidence under such charges, should the trial court, on proper motion, set aside such verdict and award a new trial?"

(5) "Should the trial court render and enter a judgment for the defendant in a cause, upon a verdict for such defendant, when the entire legal testimony and evidence therein unequivocally sustains and proves several counts of the plaintiff's declaration, and refutes each and every of the defendant's several pleas thereto?"

No reference is made to an issue on a plea in abatement.

The third count alleges in effect that the defendant company being indebted to the plaintiff for the unpaid part of the commission on a sale of lands, executed and delivered to plaintiff an instrument in writing, and by the terms thereof defendant did promise and agree to pay said unpaid balance to the plaintiff when the company which purchased the lands makes full payment of the first maturing note given to the defendant by the purchasing company as a part of the purchase price for the lands, which instrument in writing (referred to as Exhibit A) is as follows:

"To H. P. Langford and J. W. McCoy:

"We hereby acknowledge that there is a balance due of $11,029.96 as commission on the sale of a tract of land

which we own South of Kinsey to the G. M. & R. J. DEVEL-OPMENT Co., which commission we hereby agree to pay when the G. M. & R. J. Development Co. makes full payment of the first maturing note which they gave to us as the balance of purchase price thereon with interest, and when same is paid we agree to allow on said commission the same rate of interest as the note of the said G. M. & R. J. Development Co. bears.

"KING LUMBER & MFG. COMPANY,

"By H. T. Davis

"Arcadia, Florida                                    Sec. & Gen. Mgr."

"October 5, 1925."

It is further alleged that the first maturing note referred to in the instrument matured August 25, 1926, and that a reasonable time has elapsed since the maturity of said note, and defendant has not paid plaintiff the sum evidenced by the said instrument or any part thereof.

The fourth count in effect alleges that the defendant was indebted to plaintiff in $11,029.96 as commission on the sale of lands, and being so indebted, did execute and deliver to plaintiff an instrument in writing (as set out in the third count) wherein and whereby the defendant did acknowledge said indebtedness and did agree to pay the same when the purchasing company made full payment of the first maturing note which they gave to the *plaintiff* as the balance of the purchase price for said tract of land, and did further agree to allow on said commission the same rate of interest as the note of the said purchasing company bears; that although said instrument fails to designate the plaintiff as the payee, that the plaintiff was and is the party entitled to receive said principal sum and interest and that the defendant delivered said instrument to the plaintiff as payee; that J. W. McCoy whose name appears upon said

writing did not at the time of the delivery thereof to the plaintiff have any title to said commission or any claim or demand against the defendant for the payment thereof, unto him the said J. W. McCoy; that the note of the G. M. & R. J. Development Company in said instrument in writing matured on the 25th day of August, A. D. 1926, and that a reasonable time has elapsed since the maturity thereof and the said defendant has not paid the plaintiff said sum of $11,029.96 or the interest thereon or any part thereof.

Pleas ultimately filed to the third and fourth counts were: (payment, which was not proven), never was indebted, did not promise as alleged, and the following additional pleas, the last three being applicable only to the fourth count:

"7. And for its further additional plea to the third and fourth counts of the third amended declaration, defendant says that the alleged contract sued upon was made by and between the defendant on the one part and the plaintiff and one J. W. McCoy on the other part, and the said J. W. McCoy is still living."

The eighth plea was withdrawn at the trial.

"9. And for its additional plea to the fourth count of the third amended declaration herein the defendant says that it is not true that the plaintiff was or is the party entitled to receive said principal sum or interest set forth in said instrument described in said count and attached as Exhibit 'A' thereto. (Shown in third count above.)

"10. And for its additional plea to the fourth count of said third amended declaration herein the defendant says that it is not true that the J. W. McCoy mentioned and described in said instrument described in and attached to said count as Exhibit 'A' thereto has no interest in said commission.

"11. And for its further additional plea to the fourth count of the third amended declaration, this defendant says that it is not true that this defendant or anyone for it delivered said instrument described and attached to said count as Exhibit 'A' thereto to the plaintiff as sole payee."

To the seventh plea the following replications were filed:

"Second: And for second replication to defendant's seventh plea to the third count of Plaintiff's declaration says that the sale of the tract of land in said third count mentioned was made under and pursuant to a verbal contract between plaintiff and defendant. The terms and provisions of which are fully set forth in the first count of plaintiff's declaration which for greater certainty is here referred to and hereby made a part of this replication, and the said J. W. McCoy was not a party to said agreement and after the making of said contract by and between plaintiff and defendant alone the plaintiff employed the said J. W. McCoy to do certain work and labor, and to render certain services, aid and assistance to the plaintiff in and about the performance of said contract by the plaintiff and promised and agreed to pay the said J. W. McCoy a part of the commission to be paid the plaintiff under the terms and provisions of said contract for the performance by the plaintiff of his part thereof when said commission was paid to the plaintiff and plaintiff consented and agreed with the said J. W. McCoy that the defendant might pay to the said J. W. McCoy out of the commission due to the plaintiff,. the money which the plaintiff owed the said J. W. McCoy to-wit one-half of said commission to be paid by the defendant as a payment to the plaintiff on the commission due plaintiff by defendant and to be received by the said McCoy for and as a payment by the plaintiff on plaintiff's indebtedness to the said J. W. McCoy and defendant consented to the request of the defendant to pay to said J. W.

McCoy for plaintiff such part and portion of said commission as was equal to the amount which plaintiff owed the said J. W. McCoy by making payment direct to said J. W. McCoy as a payment to plaintiff. And in the manner aforesaid and not otherwise the said J. W. McCoy was interested in the said commission when the same became due and payable to and was the property of the plaintiff, and plaintiff says because of the facts aforesaid and not otherwise, was said paper referred to in said third count of plaintiff's third amended declaration as exhibited and made a part thereof addressed to J. W. McCoy and not otherwise.

"Third. And for third replication to defendant's seventh plea to the third count of plaintiff's third amended declaration, defendant says, that he denies the allegations of said plea that the contract sued upon was made by and between the defendant on the one part, and the plaintiff and the said J. W. McCoy on the other part, and says that said contract sued upon was made by and between the defendant on the one part and the plaintiff on the other part."

The plaintiff filed the following replication to the ninth, tenth and eleventh pleas:

"Thirteenth: And for replication to defendant's ninth plea plaintiff says that it is true that the plaintiff had instructed the defendant to pay out of said sum of money mentioned in said writing in the fourth count of plaintiff's declaration a certain part thereof to-wit: One-half of said sum to the said J. W. McCoy whose name appears upon said instrument, but the said sum to be so paid to the said J. W. McCoy was to be paid by the defendant at the request of the plaintiff for services rendered the plaintiff by the said J. W. McCoy and in payment of a debt due by the plaintiff to the said J. W. McCoy, and not in discharge of the obligation or debt of the defendant to McCoy, but as a payment of plaintiff's money to said McCoy at plaintiff's request,

and in satisfaction and discharge of the debt of the defendant to the plaintiff, and the interest of the said McCoy in said sum of money in said writing mentioned was only that of collecting from the plaintiff through the defendant of the amount of plaintiff's indebtedness to McCoy.

"Fourteenth: And for further replication to defendant's ninth plea, plaintiff denies each averment thereof and joins issue thereon.

"Fifteenth: And for further replication to the tenth plea, the plaintiff denies the averments thereof and joins issue thereon.

"Seventeenth: And for further replication to defendant's eleventh plea, plaintiff denies each allegation thereof and joins issue thereon."

Issues were joined respectively on the pleas and replications. Testimony was adduced upon the issues as made.

The charges of the court include the following, as well as the charges quoted in the assignments of error:

"Now, gentlemen, with reference to the third and fourth counts, the ones which set up this agreement whereby it is alleged that the defendant acknowledged an indebtedness, an existing indebtedness, to the plaintiff, the Court charges you gentlemen that where a promise to pay is—when the time of payment is upon the happening of a contingency and that contingency does not happen, the plaintiff would be entitled to recover after a reasonable time has expired after which the happening of the contingency should have occurred—that is, after it should have happened—the contingency should have happened. Now with reference to those two counts, gentlemen, the indebtedness set out in those two counts is an express, certain and definite indebtedness; there is no happening of a contingency necessary to bring about the indebtedness or the obligation * * * the

only contingency that is in the agreement is for the time of payment, the promise to pay upon the happening of a certain contingency, to-wit, the payment of the first note, of the purchase money note, and with reference to that, as the Court has described to you gentlemen, where it is just the time of payment or the payment itself that is based upon or dependent upon the happening of the contingency, it is only necessary to show that the contingency has happened, or it has not, and a reasonable time has expired after which it should have occurred, should have happened, then the plaintiff would be entitled to recover. * * *

"If you find from the evidence that the plaintiff performed for the defendant services as a broker as defendant's request, without any agreement as to when the commission should be paid, the law implies an agreement to pay the commission when the services are performed; but if you find that the parties did have an agreement as to the time when the commission was to be paid, then the law imposes upon the defendant an obligation to pay the commission at the time it was agreed to be paid. * * *

"If you find from the evidence that the balance of the commission was owed by the defendant to the plaintiff and another jointly, and not to the plaintiff alone, then your verdict should be for the defendant. * * *

"If you find from the evidence that the contract of employment was between the defendant King Lumber & Manufacturing Company on the one hand and the plaintiff H. P. Langford and W. J. McCoy, jointly, on the other hand, then your verdict ought to be for the defendant, because the plaintiff H. P. Langford has no lawful right to bring a suit in his own name as sole plaaintiff upon a cause of action, which he owned jointly with another."

A general verdict, "We, the jury, find for the defendant.

So say we all," was returned for the defendant. Judgment for the Defendant was rendered as follows:

"It is, therefore, adjudged and decreed that the defendant go hence without day."

The motion for new trial, which was denied, contained grounds challenging the correctness of the verdict with reference to the law and to the evidence; and also challenging, as applied to the third and fourth counts, the correctness of the two charges given as last above quoted.

On writ of error taken by the plaintiff, the assignments of error are:

"First: The Court erred in overruling and denying plaintiff's Motion for a New Trial.

"Second: The Court erred in instructing and charging the jury as follows:

"'Now the third and fourth counts, gentlemen, are predicated upon an alleged written agreement whereby the plaintiff charges that the defendant acknowledged that it was indebted to the plaintiff and promised to pay as described in the agreement set out in those two counts. As to those counts the defendant has filed certain pleas, the pleas known as the general issue, never was indebted as alleged, and never promised as alleged, and a plea denying that the plaintiff was the sole owner of the agreement alleged and described in the counts—in those two courts. That places the burden of proof, gentlemen, upon the plaintiff in the case to prove by a fair preponderance of the evidence that the defendant was indebted to the plaintiff as described in either of these counts, and that they promised to pay in accordance with the terms set out in said agreement, and that it has not paid. It also places the burden of proof on the plaintiff to prove by a fair preponderance of the evidence that the plaintiff is the sole owner of that agreement described in both of those counts, or either of the

counts; that is to say, that no other person—than the plaintiff, and neither McCoy nor his assignee nor any other person—has any interest in that agreement or obligation set out and described in either of those two counts.'

"THIRD: The Court erred in instructing and charging the jury as follows:

" 'It also places the burden of proof on the plaintiff to prove by a fair preponderance of the evidence that the plaintiff is the sole owner of that agreement described in both of those counts, or either of the counts; that is to say, that no other person—than the plaintiff, and neither McCoy nor his assignee nor any other person—has any interest in that agreement or obligation set out and described in either of those two counts.'

"FOURTH: The Court erred in rendering and entering its Judgment in said cause for the defendant."

The written instrument expressly made a part of the third and fourth counts of the declaration as Exhibit A, upon which the third and fourth counts are predicated, is by its terms not specifically and unequivocally an absolute promise to pay a stated sum of money to a definite person. The instrument is ambiguous when considered alone or in connection with the pleadings in the cause.

(1) It is addressed "to H. P. Langford and J. W. McCoy," and acknowledges "a balance due of $11,029.96 as commission on the sale of a tract of land" without specifically stating to whom the balance is due.

(2) The agreement is to pay *the commission when* the purchasing company makes full payment of the first maturing note given "as the balance of purchase price thereon with interest."

(3) It further states "and when same is paid we agree to allow on said commission the same rate of interest as the notes of the" purchasing company "bears."

The third and fourth counts of the declaration allege in effect that the defendant was indebted to the plaintiff in the stated sum which by the written instrument the defendant agreed to pay to plaintiff when the first purchase money note is paid; that the instrument was delivered to plaintiff as payee; and that though J. W. McCoy's name appears upon said writing, he did not, at the time of the delivery of the instrument to plaintiff, have any title to said commission, nor any claim or demand against defendant for its payment.

The written instrument itself does not clearly sustain the allegations of the declaration. It is addressed to two persons, and only one is made a party to this action. The pleas take issue on the allegations of the declaration as to the parties to, and having an interest in, the written instrument as delivered. On the first trial a verdict for the defendant at the close of the plaintiff's testimony was erroneously directed by the court because the plaintiff's evidence alone considered with the written instrument and the pleadings, did not show *as matter of law,* that the balance of the commission referred to in the written instrument was due to plaintiff alone or that the promise to pay was conditional.

The address of the instrument to two persons, the reference to the stated balance being due as commission on the sale of land, the agreement to pay the commission when the purchasing company makes full payment of the first maturing note given the seller as balance of the purchase price of the land sold, and the allowance of interest on the commission at the same rate of interest as purchase money note "bears," considered with or without the pleadings, made a proper interpretation of the written instrument, in determining the rights of the parties named in the instrument, dependent upon evidence as to the facts and circum-

stances which culminated in the execution and delivery of the ambiguous written instrument.

The essential questions to be determined by the court *and the jury* were:

(1) To whom was the balance of the commission to be paid;

(2) when it became due and payable; and

(3) whether the agreement to pay the balance due as commission on the sale of land *was conditional,* the *time* of payment being conditional.

The issues were settled by verdict of the jury upon the pleadings, the evidence and the charges of the court, and by the approval of the verdict by the trial court in denying a new trial and in rendering judgment for the defendant.

The court after hearing the testimony charged the jury that the written instrument upon which the third and fourth counts of the declaration are predicated "Is an express, certain and definite indebtedness: * * * the only contingency that is in the agreement is for the time of payment. * * *" This charge was favorable to the plaintiff, and it was not challenged as being erroneous.

The court also charged the jury: "If you find from the evidence that the balance of the commission was owed by the defendant to the plaintiff and another jointly and not to the plaintiff alone, then your verdict should be for the defendant."

Assuming that in forming the verdict the jury was governed by the first quoted instruction of the court, the instrument sued on is at least ambiguous as to the payees, and there is conflicting evidence as to whether the balance of the commission was owed by the defendant to the plaintiff alone or to the plaintiff and J. W. McCoy. Proper plaintiffs are essential to a recovery, and the verdict for the

defendant on this issue in bar has ample legal support in the written instrument and the evidence. The verdict was approved by the trial judge in denying a new trial.

On the petition for rehearing now being considered, this court allowed a re-argument as to whether the judgment on the third and fourth counts of the declaration should have been *nil capit* or in abatement on the verdict for the defendant, as such verdict responded to the issues made as to the third and fourth counts.

The essential features of the third and fourth counts of the declaration have been stated above. The pleas of the general issue required proof of the allegations of each count by the plaintiff. The pleas numbered 9, 10 and 11, to the fourth count denied that the plaintiff is the party to receive the principal, sum or interest set forth in the written instrument, Exhibit A; denied that J. W. McCoy, mentioned in the instrument, has no interest in said commission; and denied that the defendant, or anyone for it, delivered said instrument to the plaintiff as sole payee.

The issues under the above pleas were on the merits, and have been settled by the verdict and judgment for the defendant affirmed by this court, April 20, 1935. The plea of payment was not proven.

There remains to be considered the following plea:

"7. And for its further additional plea to the third and fourth counts of the third amended declaration, defendant says that the alleged contract sued upon was made by and between the defendant on the one part and the plaintiff and one J. W. McCoy on the other part, and the said J. W. McCoy is still living."

Replications were filed to this plea as a plea in bar. See Crandall, *Common Law Practice,* pages 1070, 1071, for form of plea in abatement and replication thereto.

This plea is not in the form of a plea in abatement. The record of the proceedings clearly shows it was not regarded as a plea in abatement but as a plea in bar. In its form and substance it may be pleaded and treated as a plea in bar even though its averments, if properly framed, might also be used as a plea in abatement. Crandall Common Law Practice, pages 6, 7. The plea might also be treated as a traverse of the allegation which the plaintiff had to prove, viz.: that the agreement of the defendant to pay the balance stated was with the plaintiff, the averment of the plea being that the contract was between defendant on the one part, and the plaintiff and one J. W. McCoy on the other part. See 1 C. J. 124, 131.

Even if the plea numbered 7 could have been and was treated as a plea in abatement for non-joinder of parties plaintiff, it was in substance a plea in bar of the action as stated in the third and fourth counts brought, on the written instrument, Exhibit A, in that it in effect traversed an allegation which, in order to recover, the plaintiff must prove as alleged, viz.: that the defendant agreed to pay an alleged balance on commission to H. P. Langford; and a finding for the defendant generally included a finding for the defendant on the plea numbered 7, whether such plea was regarded as a plea in abatement or in bar.

In form and substance it was a plea in bar and manifestly was so treated. The charges of the court treated the plea as being in bar and no objection was interposed. The pleas of the general issue were applicable to counts three and four; and the traverse in the plea numbered 7 was framed and treated as a plea in bar to the third count. All the pleas were submitted together and treated as being pleas in bar with no request before or after verdict for separate findings on any plea as being in abatement, and not in bar. There was no motion in arrest of judgment and

no reference to a plea in abatement for non-joinder of plaintiffs in the motion for a new trial. There was no request for a charge as to a plea in abatement. There was no complaint that the court did not charge on any plea as a plea in abatement.

There was no contention, assignment or suggestion that plea numbered 7 was a plea in abatement as distinguished from a plea in bar, until after the judgment was affirmed on this writ of error by the appellate court. The plea is in form and substance a plea in bar, and the verdict for the defendant is responsive to the issue made by the plea and the replications thereto as being a plea in bar.

There is nothing in the record to indicate that a special finding on plea numbered 7 as being in abatement to the third and fourth counts was desired, expected, or was even appropriate or permissible. The verdict for the defendant as found covers all the issues made by the pleadings as to whether the plaintiff suing alone could recover on the cause of action as stated in the third and fourth counts of the declaration. Whether the seventh plea could be considered a plea in abatement or in bar, a finding for the defendant would cover all issues and warrant a judgment on the merits of the verdict. See White Adm'r, v. Simonds, Conant & Co., 33 Vermont 178. There was nothing to call for or to require a judgment in abatement of the action as to the third or fourth counts and the pleas applicable thereto or either or any of them.

Judgment reaffirmed.

Whitfield, Terrell, Brown and Chapman, J. J., concur.

Ellis, C. J., and Buford, J., dissent.

The following opinion, prepared by the late Mr. Justice Davis before his death, has been concurred in by Mr. Chief

Justice Ellis and Mr. Justice Buford, as expressing their views and is ordered to be filed.

Plaintiff Langford sued for the balance of a commission alleged to be due for procuring a buyer for defendant's land. Defendant contended by way of defense that plaintiff agreed to take his 5% commission as and if defendant collected from the buyer, so that the entire commission was not payable upon plaintiff's merely producing a buyer. The plaintiff and his associates were paid one-half of the commission agreed upon, although the buyer had paid one-fourth of the purchase price when the latter decided to reconvey the land to the seller, which was done.

The plaintiff in error was plaintiff below. This controversy has once before been reviewed by this Court and a judgment for defendant on directed verdict reversed. See Langford v. King Lumbr & Mfg. Co., 108 Fla. 463, 146 Sou. Rep. 588. Upon remand and retrial, a verdict by a jury was rendered in defendant's favor. Upon an earlier consideration thereof by this Court, the judgment entered thereon was affirmed. See: Langford v. King Lumber & Mfg. Co., 123 Fla. 855, 167 Sou. Rep. 817. Rehearing has been granted and the cause reargued as to the correctness of the judgment on the third and fourth counts of the declaration.

The declaration consisted of seven counts. The third and fourth counts were each founded upon the alleged written promise of the defendant to pay the balance of a commission of $11,029.96 for the sale of defendant's lands, which defendant acknowledged it owed. The written promise sued on was as follows:

"To H. P. Langford and J. W. McCoy:

We hereby acknowledge that there is a balance due of $11,029.96 as commission on the sale of a tract of land which we own South of Kinsey to the G. M. and R. J.

Development Co., which commission we hereby agree to pay when the G. M. and R. J. Development Co. makes full payment of the first maturing note which they gave to us as the balance of purchase price thereon with interest, and when same is paid we agree to allow on said commission the same rate of interest as the notes of the G. M. & R. J. Development Co. bears.

"KING LUMBER & MFG. COMPANY,
"By H. T. Davis,
"Sec. and Gen. Mgr.

"Arcadia, Florida,
"October 5, 1925.

"Arcadia, Florida, October 30, 1935.

"For value received I hereby assign to the DeSoto National Bank of Arcadia my share of the above commission.
"H. P. LANGFORD."

As to the third and fourth counts. the defenses interposed by pleas thereto, were as follows: (1) payment; (2) the general issue; (3) in abatement for non joinder as plaintiff of the McCoy named in the written memorandum as a joint promise with Langford.

Since the judgment below was one of *nil cepit* and not in abatement, the issue raised by the plea in abatement, even if we should hold it sustained by the evidence, cannot support an affirmance of the judgment now before us, insofar as the third and fourth counts of the declaration are concerned, because the judgment entered pursuant to a plea in abatement should not be a final judgment *nil cepit,* but a special judgment appropriate to the plea in abatement.

There was no evidence whatever to sustain the plea of payment of the amount acknowledged to be due in the instrument of writing described in the third and fourth counts,

so the verdict for defendant is not justified on the plea of payment.

Nor is the verdict for defendant.justified by the evidence considered in connection with the plea of general issue. That issue was fully met by plaintiff when plaintiff established the execution of the writing sued upon and described in the third and fourth counts of the declaration. See Rule 64, Rules for Government of Circuit Courts in Common Law Actions (old rule in force at time of trial).

An eighth plea setting up a special defense was withdrawn at the trial, so the verdict of the jury cannot be said to have been predicated on that plea.

Thus it appears from a reconsideration of the entire record on rehearing that this Court should not have affirmed the judgment for defendant insofar as the third and fourth counts of the declaration are concerned, although its judgment of affirmance on the other counts of the declaration was proper in the light of the former opinion of this Court filed herein on April 20, 1935.

It appears that an appropriate judgment of the appellate court in the premises is to reverse the judgment as to the third and fourth counts of the declaration, remand the cause, and direct a retrial of the issues as to said third and fourth counts, with directions to the trial court to award to the defendant below the privilege of filing such amended or additional pleas as it may be advised in order to advance its defenses, if any, to the causes of action laid in said third and fourth counts, with the privilege to plaintiff below to file such demurrers, motions or replications to such pleas as he may be advised, and otherwise to have such cause proceed to judgment in accordance with law and the opinions of this Court herein and heretofore rendered.

ELLIS, C. J., and BUFORD, J., concur.