414 So.2d 564 (1982)
LAKE PLACID HOLDING COMPANY, Petitioner,
v.
Elissa Landi PAPARONE, Respondent.
No. 81-2331.
District Court of Appeal of Florida, Second District.
April 28, 1982.
Rehearing Denied June 2, 1982.
*565 Julian Clarkson of Holland & Knight, Tampa, for petitioner.
Gerald F. Richman and William C. Hearon of Floyd, Pearson, Stewart, Richman, Greer & Weil, P.A., Miami, for respondent.
RYDER, Acting Chief Judge.
Petitioner, Lake Placid Holding Company (Lake Placid), seeks certiorari review of the trial court's refusal to discharge a lis pendens filed by Elissa Paparone. We find that the lis pendens should have been discharged, and therefore reverse.
Respondent Paparone intervened in pending litigation between petitioner and parties who had agreed to purchase extensive land holdings; she also filed a crossclaim against petitioner. The crossclaim sought, alternatively, to establish an equitable lien against the property, to impose a constructive trust upon the property, to enjoin Lake Placid from disposing of the property, to set aside a settlement agreement between the original parties or to recover damages.
The basis for Paparone's intervention and crossclaim was the substantial interest she claimed to have in the property transaction because she brought the purchasers and Lake Placid together for consummation of the sale. Her claim essentially rested upon a letter from her former husband, the president of Lake Placid, which set forth their agreement in regard to payment of a real estate commission to Paparone. Upon closing, she was to be paid $20,000.00 in cash, in addition to 50% of the profits received.
However, after Paparone was allowed to intervene by court order and agreement of counsel, Lake Placid entered into a settlement agreement which they kept secret from her; this agreement reconveyed the subject property to Lake Placid by a recorded deed. Six days later, the lawsuit pending between Lake Placid and the purchasers of the property was dismissed. Three claims remain pending below. Lake Placid seeks a declaratory judgment stating that no amounts are due Paparone from the agreement stated by letter. Paparone's complaint in intervention and crossclaim allege her entitlement to an interest in the subject property, which had been transferred without her approval or knowledge. In order to further protect her rights and her purported 50% interest in the profits participation agreement, Paparone filed a notice of lis pendens. This lis pendens concerned *566 the property which was originally sold and then reconveyed back to Lake Placid from the purchasers as the basis of their settlement.
In its motion to discharge the lis pendens, Lake Placid contended that (a) the action was not founded on a duly recorded instrument or mechanic's lien, and (b) respondent was a registered real estate broker who was prevented from filing a lis pendens. The motion for discharge was denied after the trial court considered memoranda from both parties and oral argument. In its order, the trial court specifically found that the relief sought by Paparone was not in her capacity as a broker to collect a commission and that a lis pendens was proper because the relief sought by Paparone (regarding her claims to a vested interest in the subject property) might specifically affect the property in question. We disagree.
First, there is no written recorded instrument upon which Paparone's claim is made. Instead, the claim of respondent is based upon a contract for a real estate broker's fee and section 475.42(1)(j), Florida Statutes (1979), prohibits assertion of a lien on this basis. No matter what one chooses to call it, a rose is a rose is a rose  the 1975 agreement is nothing other than a contract for a real estate broker's fee on which Paparone is now suing to collect.
Therefore, the pleadings filed by Paparone do not allege a direct and legally recognizable claim against the property encumbered by the lis pendens. DePass v. Chitty, 90 Fla. 77, 105 So. 148 (1925); Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA), cert. denied, 374 So.2d 99 (Fla. 1979). A cause of action for equitable relief such as a lis pendens does not arise simply because a promise to pay is subsequently broken. Hallmark Manufacturing, Inc. v. Lujack Construction Co., 372 So.2d 520 (Fla. 4th DCA 1979). A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens. Wiggins v. Dojcsan, 411 So.2d 894 (Fla. 2d DCA 1982) (Grimes, J., dissenting).
Since there is no justification for burdening the alienability of this property, the lower court should have discharged the lis pendens.
REVERSED and REMANDED for action consistent with this opinion.
CAMPBELL and SCHOONOVER, JJ., concur.