438 So.2d 155 (1983)
Elissa Landi PAPARONE, Appellant/Intervenor,
v.
LAKE PLACID HOLDING COMPANY, Appellee/Plaintiff, and
Bankers Life and Casualty Company, Placid Lakes Corporation, and Magna Properties, Inc., Appellees/Defendants.
No. 82-2214.
District Court of Appeal of Florida, Second District.
September 21, 1983.
*156 Gerald F. Richman and William C. Hearon of Floyd, Pearson, Stewart, Richman, Greer & Weil, P.A., Miami, for appellant/intervenor.
Edward W. Vogel, III, Julian Clarkson and C. Lawrence Stagg of Holland & Knight, Tampa, for appellee/plaintiff, Lake Placid Holding Co.
John W. Frost, II of Frost, Purcell & Lilly, P.A., Bartow, for appellees/defendants, Bankers Life & Cas. Co., Placid Lakes Corp., and Magna Properties, Inc.
SCHOONOVER, Judge.
This is an appeal from a final summary judgment entered against the intervenor/appellant, Elissa Landi Paparone (Paparone), in favor of the plaintiff/appellee, Lake Placid Holding Company (LPHC), and defendants/appellees, Bankers Life & Casualty Company, Placid Lakes Corporation, and Magna Properties, Inc. (collectively referred to as Bankers).
LPHC entered into an agreement to sell certain land to Gulfstream Citrus, Inc. This agreement was subsequently assigned to Placid Lakes Corporation, who intended to develop the property along with Magna Properties, Inc. Both corporations are related to Bankers. Bankers, in addition to making a large cash payment at closing, assumed several outstanding mortgages on the property and agreed to develop and sell the property. They entered into a profits participation agreement whereby they agreed to pay LPHC twenty-five percent of the pretax profits arising from said development and sale.
Paparone, former spouse of August Tobler who controlled LPHC, was the real estate broker in connection with the sale of the land. LPHC agreed to pay her a real estate commission in the amount of $20,000, plus a sum equal to fifty percent of any monies received by LPHC under the terms of the profits participation agreement.
When it became evident that Bankers was not going to fulfill its obligation of developing and selling the property, LPHC filed an action seeking damages, specific performance, and foreclosure of a vendor's lien. After lengthy negotiations, the parties agreed that the suit would be settled by LPHC reacquiring the property free and clear, by a deed in lieu of foreclosure. Paparone then intervened in the litigation and claimed entitlement to a portion of the damages from Bankers.
The deed in lieu of foreclosure was executed and recorded in accordance with the agreement, and LPHC dismissed its cause *157 of action against Bankers. LPHC then filed a cross-claim against Paparone for declaratory relief. Paparone filed an answer, affirmative defenses, and a cross-claim. In one count of her complaint, she alleged that LPHC and Bankers, with full knowledge of her rights and motion to intervene, wilfully and maliciously conspired to defraud and defeat her rights by settling the litigation amongst themselves and in transferring the subject property in such a manner that would cloud the true nature of the settlement.
The parties filed motions for summary judgment. The court granted appellees' motions finding that there was no genuine issue of material fact because Paparone's claim for a brokerage commission was limited to a particular fund, i.e., profits to be received by LPHC under the profits participation agreement, and said fund never materialized. The court further held that since Paparone had no rights to an additional commission, there was no basis for her allegations that she was defrauded by the parties. Accordingly, Paparone's motion for summary judgment was denied, and her complaint in intervention and her cross-claim were dismissed with prejudice.
We find that the trial court properly denied Paparone's motion for summary judgment because the court could not consider her allegations of fraud unless it was first shown that there was a fund from which her commission was to be paid, or that the fund was not created because of actions attributable to the appellees. Accordingly, we affirm that portion of the trial court's order. However, we find that the court erred in granting appellees' motions for summary judgment and in dismissing Paparone's complaint in intervention and her cross-claim with prejudice.
A summary judgment may be rendered only if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c).
This court has previously determined that the agreement between Paparone and LPHC was a contract for a real estate broker's fee. Lake Placid Holding Co. v. Paparone, 414 So.2d 564 (Fla.2d DCA 1982). The payment of a broker's commission may be restricted to a particular fund so that the creation of that fund becomes a condition precedent to liability for the payment of such a commission. In such a case, a broker is not entitled to payment until the fund is realized, unless the failure to realize such fund is due to the neglect, unreasonable refusal to act, or is otherwise attributable to the broker's employer. Additionally, if one prevents or renders impossible the performance or occurrence of a condition precedent, upon which his liability is contingent, he cannot avail himself of its nonperformance. Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421 (1930).
The trial court ruled as a matter of law that the fund from which Paparone was to receive her commission never came into existence. However, in his deposition, Mr. Tobler of LPHC testified that instead of receiving money from the profits participation agreement, he had received land in settlement thereof. He also testified that he was taking the property in lieu of profits that he would have been entitled to under the profits participation agreement. Therefore, a material issue of fact exists as to whether or not the fund was created by the substitution of the land for the money. If that issue of fact is resolved against Paparone, and the trier of fact determines that the fund was never created, it will still be necessary to determine whether the creation of the fund was prevented by the unreasonable refusal to act, or some other wrongful action attributable to the appellees.
The appellees' reliance on the case of Langford v. King Lumber & Mfg. Co., 123 Fla. 855, 167 So. 817 (1935), is misplaced. In that case, the court held that, if lands previously sold were reconveyed due to the inability to make payments, a broker is not entitled to payment of a conditional commission. In Langford, there was no dispute *158 that the deed in lieu of foreclosure was given because of the inability to make payments. However, in the case sub judice, there is a question of fact as to whether or not the deed was given because of the inability to make payments, or for some other reason, e.g., to avoid a decree in specific performance, or merely to relieve Bankers from its obligations under the contract. We accordingly reverse and remand for proceedings consistent herewith.
REVERSED and REMANDED.
RYDER, A.C.J., and LEHAN, J., concur.