RIVKIND, LEONARD, Associate Judge.
The former wife of appellee appeals from a final order entered in a post-judgment *507 contempt proceeding. We believe the only point on appeal that has merit is the contention by appellant that the trial court erred in directing her to pay $7,500.00 to her former husband. During the prior dissolution proceeding, the parties provided in a property settlement agreement, incorporated in the final judgment, as follows:
“5. The parties agree that wife shall cause her property located at 1 Sandy Lane, West Chester, PA., to be placed on the market for sale by a qualified real estate broker to be sold at the highest attainable price not less than Forty-Five Thousand Dollars ($45,000.00). From the proceeds of said sale, husband shall receive the sum of Seven Thousand Five Hundred Dollars ($7,500.00) in cash to the extent such funds are available from settlement after payment of encumbrances and necessary expenses.”
The wife sold the Sandy Lane property for $54,000.00. The closing statement shows that $30,055.00 was applied to satisfy the existing first mortgage on the property, which also covered the former marital home now owned solely by the wife, and that she received no cash after the payment of encumbrances and other expenses of sale. The wife testified that the bank required total satisfaction of the mortgage. The husband testified that six months before the closing the bank president told him in a telephone conversation that the bank would release the Sandy Lane property from the mortgage upon payment of $17,-000.00. The hearsay objection was overruled. The bank president did not testify at the trial. The husband did not attend the closing. Solely upon this testimony, the trial court concluded that the wife, who admittedly benefited from the discharge of the mortgage on her home, should pay $7,500.00 to the husband.
We believe the trial judge erred. There is a total absence of substantial competent evidence to support the ruling below. The testimony of the wife that she was required at the time of closing to satisfy the entire mortgage was the only competent evidence in this regard. The provision of the settlement agreement is clear and unambiguous. Payment to the husband is to be made from a particular fund, to wit: “From the proceeds of said sale, ... to the extent that such funds are available from settlement after payment of encumbrances and necessary expenses.” There were no funds available from the sale to pay $7,500.00 to the husband. There has been no showing of fraud or wrongdoing on the part of the wife. See Paparone v. Lake Placid Holding Co., 438 So.2d 155 (Fla. 2d DCA 1983). Ergo, we reverse the award of $7,500.00 to the husband. In all other respects, we affirm the final order of the trial court.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY and HURLEY, JJ„ concur.