PER CURIAM.
This is an appeal from a final summary judgment entered against intervenor Elissa Landi Paparone and in favor of Bankers Life & Casualty Company, Placid Lakes Corporation, and Magna Properties, Inc. (collectively referred to as Bankers). This case has been before this court on two previous appeals, Lake Placid Holding Co. v. Paparone, 414 So.2d 564 (Fla. 2d DCA 1982) (ordering discharge of lis pendens filed by Paparone), and Paparone v. Lake Placid Holding Co., 438 So.2d 155 (Fla. 2d DCA 1983) (reversing summary judgments for Bankers and Lake Placid Holding Company). The facts of the case are set out in the second of those two opinions as follows:
[Lake Placid Holding Company (LPHC)] entered into an agreement to sell certain land to Gulfstream Citrus, Inc. This agreement was subsequently assigned to Placid Lakes Corporation, who intended to develop the property along with Magna Properties, Inc. Both corporations are related to Bankers. Bankers, in addition to making a large cash payment at closing, assumed several outstanding mortgages on the property and agreed to develop and sell the property. They entered into a profits participation agreement whereby they agreed to pay LPHC twenty-five percent of the pretax profits arising from said development and sale.
Paparone, former spouse of August Tobler who controlled LPHC, was the real estate broker in connection with the sale of the land. LPHC agreed to pay her a real estate commission in the amount of $20,000, plus a sum equal to fifty percent of any monies received by LPHC under the terms of the profits participation agreement.
When it became evident that Bankers was not going to fulfill its obligation of *867 developing and selling the property, LPHC filed an action seeking damages, specific performance, and foreclosure of a vendor’s lien. After lengthy negotiations, the parties agreed that the suit would be settled by LPHC reacquiring the property free and clear, by a deed in lieu of foreclosure. Paparone then intervened in the litigation and claimed entitlement to a portion of the damages from Bankers.
The deed in lieu of foreclosure was executed and recorded in accordance with the agreement, and LPHC dismissed its cause of action against Bankers. LPHC then filed a cross-claim against Paparone for declaratory relief. Paparone filed an answer, affirmative defenses, and a cross-claim. In one count of her complaint, she alleged that LPHC and Bankers, with full knowledge of her rights and motion to intervene, wilfully and maliciously conspired to defraud and defeat her rights by settling the litigation amongst themselves and in transferring the subject property in such a manner that would cloud the true nature of the settlement.
The parties filed motions for summary judgment. The court granted appellees’ motions finding that there was no genuine issue of material fact because Papar-one’s claim for a brokerage commission was limited to a particular fund, i.e., profits to be received by LPHC under the profits participation agreement, and said fund never materialized. The court further held that since Paparone had no rights to an additional commission, there was no basis for her allegations that she was defrauded by the parties. Accordingly, Paparone’s motion for summary judgment was denied, and her complaint in intervention and her cross-claim were dismissed with prejudice.
438 So.2d 156-7.
In that second, 1983 appeal, this court reversed the summary judgments for Bankers and LPHC on the basis that genuine issues of material fact existed, as follows: (1) whether the fund from which Paparone was entitled to receive her commission ever came into existence by the substitution of the land for the money, and (2) if the fund did not come into existence, was the creation of the fund prevented by the unreasonable refusal to act or some other wrongful action by Bankers and LPHC? As part of the latter issue, this court also found a question of fact “as to whether or not the deed was given because of the inability to make payments, or for some other reason, e.g., to avoid a decree in specific performance, or merely to relieve Bankers from its obligations under the contract.” 438 So.2d at 158.
On remand from the 1983 appeal, Bankers filed a motion for summary judgment which was similar to the motion for the summary judgment that this court had previously reversed on that appeal. The trial court granted the motion and entered final judgment for Bankers. This appeal followed.
For purposes of the second motion for summary judgment, Bankers admitted facts as to which this court had said questions remained unresolved. Bankers admitted that the fund in which Paparone was allegedly entitled to share never came into existence and further admitted that its actions prevented the fund from coming into existence. Bankers argued that, even assuming the existence of those facts, it had no liability to Paparone. After consideration of the very well-presented arguments on both sides, we agree with Bankers’ argument.
This appeal concerns a motion for summary judgment filed only by Bankers and is in that respect unlike the prior appeal which also concerned a motion for summary judgment filed by LPHC. LPHC is the party which entered into the agreement to pay Paparone a share of the profits it was to receive under the profits participation agreement. Bankers was not a party to that agreement or any other agreement with Paparone.
For Paparone to have proved that Bankers had some liability to her for its actions in settling the lawsuit by returning the *868 land to LPHC by deed in lieu of foreclosure, Paparone must have shown that Bankers had some duty to her which it breached. One of Paparone’s arguments has been that her commission agreement with LPHC gave her an interest in the profits participation agreement, either by way of an assignment of rights under that agreement or as a third-party beneficiary of the agreement.
However, this court has previously found that the agreement between Paparone and LPHC was “nothing other than a contract for a real estate broker’s fee....” 414 So.2d at 566. Although the real estate commission agreement stipulated that Pa-parone was to receive a portion of the profits received by LPHC under the profits participation agreement, it did not make her a party to that agreement. Nor could it, according to the terms of the profits participation agreement, which contained restrictions on the transfer or assignment of LPHC’s interest in the agreement. Pa-parone has not shown that any of the conditions for assignment were satisfied by the commission agreement, or otherwise, to properly effect a transfer to her of a portion of LPHC’s interest in the profits participation agreement.
Nor is Paparone a third-party beneficiary of the profits participation agreement. That agreement contains no indication that it was made for the benefit of Paparone. A third party who benefits only incidentally or indirectly by the existence of a contract has no right to enforce that contract. Bryant v. Cole, 282 So.2d 652 (Fla. 2d DCA 1973). Thus, Bankers had no direct or indirect contractual duty to Paparone.
Paparone also alleges that Bankers is liable for the intentional and unjustified interference with the contractual or business relationship between Paparone and LPHC. Paparone claims that Bankers’ settlement of the lawsuit by the method used was a tortious interference with the real estate commission agreement between her and LPHC. However, Bankers was a defendant in a lawsuit and was entitled to settle that lawsuit to protect its own interests. The fact that the settlement, which Bankers determined to be in its own best interests, might have caused harm to Pa-parone is of no consequence regardless of what motive Bankers might have harbored toward Paparone. See McIntosh v. Harbour Club Villas Condominium Association, 468 So.2d 1075 (Fla. 3d DCA 1985); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980).
Thus Paparone has failed to show that Bankers had a duty to Paparone. In the absence of such a duty, Bankers was entitled to conduct its business and legal affairs in the manner it determined to be in its own best interests without regard to the effects on Paparone. In the absence of such a duty, Paparone’s claim against Bankers lacks an essential element.
We find no merit in Paparone’s additional contention that Bankers’ motion for summary judgment was directed only to Papar-one’s cross-claim and not to her complaint in intervention.
Affirmed.
SCHOONOVER, A.C.J., and LEHAN and SANDERLIN, JJ., concur.