IDELLA MIMS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA DEFENDANT IN ERROR.

1.  Trial courts, in the exercise of a sound judicial discretion, have power to excuse one summoned as a juror, although he may be qualified to serve, and parties interested object, and appellate courts will not interfere with the action of the trial court in this respect, unless the discretion be abused.
2.  It is proper to refuse instructions as misleading when they are based on the theory of a party as to facts in evidence and ignore the legal effect of other facts applicable to the relation and rights of the parties.
3.  Evidence examined and found sufficient to support the verdict.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*John Wallace*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

CARTER, J.:

Plaintiff in error was tried and convicted in the Criminal Court of Record of Duval County upon an information charging her with receiving and aiding in the

concealment of stolen property, knowing same to have been stolen, and from the sentence imposed sued out this writ of error.

The information was filed June 27, 1899, plaintiff in error was arraigned and pleaded not guilty on the same day and the trial was had on the 29th. The entries in the record proper show that on June 28th six jurors, naming them, were, "for reasons satisfactory to the court, excused from further jury duty at this term," there being at the time fourteen jurors in attendance, and a special venire was directed to issue for "six good and lawful men to be summoned from the body of the county returnable instanter," which was duly issued, served and returned the same day. Before the trial, on the 29th, plaintiff in error moved to quash this special venire on the ground that certain jurors, naming those who had been excused on June 28, "were discharged on the second day of the term without the consent of the defendant and without the authority of law." This motion was overruled.

I. The first assignment of error is that the court erred in not granting the motion to quash the special venire issued and jurors summoned on the 28th day of June, 1899, and discharging six jurors who were drawn on the regular venire to serve for the week or term. No proof was submitted in support of the motion to quash the special venire, and neither the bill of exceptions nor the record entries show facts to sustain the ground upon which the motion was based, *viz*: that six jurors were discharged without the authority of law. On the contrary, the record entries show that the six jurors named were excused (not discharged) for reasons satisfactory to the court, but the reasons for excusing them are not stated either in the record entries or in the bill of excep-

tions. Several of the jurors summoned on the special
venire objected to, sat upon the jury which convicted
plaintiff in error, but it does not appear that any objec-
tions were interposed to any individual juror. In the
case of John D. C. v State *ex rel.* Julia V. H., 16 Fla.
554, this court held that trial courts, in the exercise of
sound judicial discretion, have the right to excuse a
juror, although he may be qualified to serve, and that
such an exercise of discretion is not error, even though
objected to by the parties to an action, and this state-
ment of the law has been adhered to in subsequent cases.
Ellis v. State, 25 Fla. 702, 6 South. Rep. 768; Edwards
v. State, 39 Fla. 753, 23 South. Rep. 537. As it is not
made to appear to us that there was an abuse of the
judge's discretion, in excusing the six jurors, we must
presume that they were properly excused (Edwards v.
State, *supra*), and as it is not claimed that the special
venire objected to was improperly issued, if the other
jurors were properly excused, the first assignment of
error must be overruled.

Plaintiff in error asks us to accept as proof of the
grounds of objection stated in the motion to quash an
affidavit made by her attorney and presented to the
court below on the hearing of the motion for a new trial
in support of the seventh ground of that motion which
complained that the remarks of the judge mentioned in
the affidavit were published in a newspaper, and read
by the jury that tried plaintiff in error, which it was
claimed had a tendency to influence them to render a
verdict of guilty in this case. No assignment of error
is based upon this ground of the motion for a new trial
and the affidavit was not used upon the hearing of the
motion to quash the special venire—in fact it was not
made until after the trial of the case. Even if we can

properly consider the affidavit, it does not prove the grounds of the motion to quash to be true. In substance, it alleges that on June 28, 1899 one Jasper N. Tully was tried in the Criminal Court of Record of Duval county for assault with intent to murder; that the court instructed the jury that under the evidence they could find a verdict for assault with intent to commit murder, aggravated assault or simple assault; that said jury rendered a verdict of aggravated assault, and the judge before discharging them said to them "Gentlemen: It is the first time during my service that I have felt compelled to administer a rebuke to a jury, but you evidently did not hear the evidence in this case. Your action is contrary to the evidence and can only be characterized as chicken-heartedness. The testimony shows that this was a clear case of assault with intent to murder, and there is no excuse for such a verdict. This jury is discharged for the term;" and that thereupon said jury was then discharged by the judge. The affidavit does not state the names of the jurors in the Tully case; it does not allege that the members of that jury were the same jurors that the record shows were excused on June 28, nor does the affidavit state that the jurors in the Tully case were in fact discharged for the term, nor show that the special venire issued June 28 was issued to supply deficiencies in the regular panel caused by its depletion in consequence of the discharge of the jurors in the Tully case. All presumptions are in favor of the propriety of the rulings of the trial court; and the record before us, even with the affidavit referred to, fails to show that the special venire objected to was issued to supply a deficiency caused by the illegal discharge of jurors regularly procured in accordance with the laws. In passing upon this assignment we neither affirm nor

deny the right of a judge to address to juries the re-
marks attributed to the judge in the affidavit quoted,
nor the power to summarily discharge jurors for the
term under the circumstances therein stated, and to sup-
ply their places by special veniries issued to the body of
the county. If such powers do exist, however, they
ought to be cautiously and sparingly exercised, under
circumstances clearly demanding it, in the interest of
public justice and to preserve and maintain the integrity
of the court as an instrument for administering justice
in its purity. Powers which enable a judge to summar-
ily discharge jurors regularly drawn or procured in the
manner pointed out by the laws, because he may be dis-
satisfied with their findings upon matters within their
peculiar province, and to issue veniries giving an unlim-
ited discretion to the executive officer to select others in
their stead, are certainly of extraordinary character un-
der our system, and there is danger that great abuses
may arise; that the spirit and intent of our laws for pro-
curing impartial jurors of approved integrity, fair char-
acter and sound judgment and intelligence may be whol-
ly set at naught and that the independance of juries as
triers of fact, so carefully guarded by the law, will grad-
ually but surely be destroyed.

II. Plaintiff in error requested the court to instruct
the jury that "the fact that the goods or money was
found in the possession of the defendant is not sufficient
alone to sustain a conviction, nor is the fact that the de-
fendant denied having received the goods or money suf-
ficient alone to sustain a conviction." This instruction
could not have been without a misleading tendency on
the minds of the jury, if it had been given. The facts
stated in the instruction, *viz*: that plaintiff in error was
found in possession of the stolen money and denied hav-

ing received it from the alleged thief, were not the only facts relied upon by the State to prove guilt. There were other very pertinent facts in evidence connected with the receipt of the money by plaintiff in error from the alleged thief, and with the finding of the money in her possession recently after it was stolen, and her conduct and declarations made at the time which, together with the facts mentioned in the charge, were sufficient to sustain a verdict of guilty but the existence of which were wholly ignored in the requested instruction. It is proper to refuse instructions as misleading when they are based on the theory of a party as to facts in evidence, and ignore the legal effect of other facts, applicable to the relation and rights of the parties. Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714. The instruction was properly refused.

III. The other assignments of error are that the court erred in refusing the grounds of the motion for a new trial which alleged that the verdict was contrary to the law, the evidence and the instructions of the court. We are of the opinion that the evidence was sufficient to support the verdict, and that the verdict is not contrary to the evidence, the law or the instructions of the court.

The judgment is affirmed.