ALBERT DEAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed December 8, 1919.

1. An indictment charging an assault with intent to commit the felony of murder in the highest degree, charges likewise an assault with intent to commit every grade or degree of unlawful homicide that can be committed in pursuance of a homicidal intent, and is sufficient to sustain a conviction for assault with intent to commit the felony of manslaughter.

2. Premeditated design is not an essential element of the crime of assault with intent to commit murder in the second degree, and, therefore, it is not necessary to prove the existence of this element in order that the evidence support a conviction for this offense.

3. Evidence of declarations or acts of a defendant, prior to the commission of a crime by him, in his own favor or interest, falling within the class designated as "self-serving declarations and acts" and forming no part of the res gestae, is not admissible.

A Writ of Error to the Criminal Court of Record for Hillsborough County; W. S. Graham, Judge.

Judgment affirmed.

*J. T. Watson*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart Gillis*, Assistant, for the State.

WEST, J.—Plaintiff in error was informed against in the Criminal Court of Record for Hillsborough County upon a charge of assault with intent to commit murder, the in-

formation containing two counts. The charge, omitting formal parts, is as follows: "that Albert Dean late of the County of Hillsborough aforesaid, in the State aforesaid. on the third day of April in the year of Our Lord one thousand nine hundred and nineteen with force and arms at and in the County of Hillsborough, aforesaid, did unlawfully and from a premeditated design to effect the death of one John Curry, make an assault on the said John Curry, with a certain deadly weapon, to-wit, a knife, a further description of said knife being to the Assistant Solicitor unknown, which said knife the said Albert Dean then and there held and had in his hand, and, he, the said Albert Dean, did then and there unlawfully and from a premeditated design to effect the death of the said John Curry, with the knife aforesaid, cut, wound, stab and illtreat the said John Curry, and inflict on the body of the said John Curry divers severe wounds and so, the said Albert Dean did in manner and form aforesaid, unlawfully and from a premeditated design to effect the death of the said John Curry make an assault with intent then and there the said John Curry to kill and murder."

The second count is substantially the same except that it charges that the assault charged was inflicted "with a certain deadly weapon, to-wit, an iron pipe, a further description of said pipe being to the assistant solicitor unknown, which said iron pipe the said Albert Dean then and there held and had in his hand."

So that the only difference between the counts is in describing the weapon used by the defendant in making the assault.

The verdict was for assault with intent to commit murder in the second degree. The judgment imposed a sentence upon the defendant of hard labor in the State prison

for a period of three months, such sentence to begin and run from the date of his incarceration therein. And the case is here for review.

There are eleven assignments of error, but counsel for plaintiff in error in his brief reduces the number of questions necessary to be discussed and considered to three and the Assistant Attorney General who prepared the brief on behalf of the State pursued the same course. We wish to give approval to this practice.    All the alleged errors presented by the record may be fairly considered under the three questions discussed by counsel and with much less labor than would have been required if each assignment had been separately discussed, and the same is of course true when the case is reached by this court for consideration.

The first question presented challenges the sufficiency of the information to charge the offense of assault with intent to commit a felony, the offense of which the defendant was found guilty by the jury.    It is apparent, we think, from the parts of the information set out above that the information sufficiently charges the offense of which he was convicted.    Williams v. State, 41 Fla. 295, 26 South. Rep. 184; Morrison v. State, 42 Fla. 149, 28 South. Rep. 97; Lewis v. State, 42 Fla. 253, 28 South. Rep. 397.

The second proposition raises the question of the sufficiency of the proof to show the intent and premeditated design necessary to support the verdict.    The answer to this question is that premeditated design is not an essential element of the offense of which the defendant was convicted, and it is perfectly clear that there is sufficient basis in the evidence to support the charge upon which the defendant was convicted, and there is noth-

ing to show that the jury was influenced by any consideration outside the evidence.

Upon the third question presented by the record and argument of counsel, namely, that the defendant had previously made efforts to avoid the encounter with the injured man, it is argued in the brief of counsel for plaintiff in error that the object of this evidence was to show an absence of a premeditated design upon the part of defendant. The natural answer to this contention is that the defendant was not convicted of an offense of which premeditated design is an essential element, but of a lower grade of offense, and therefore the testimony complained of was not in fact considered, but was actually rejected by the jury and its admission could have done no harm to the defendant since he was found guilty of an offense of which premeditated design is no part. The ground of the objection to the proffered testimony in the court below, which was considered and excluded there in the absence of the jury, was that the testimony offered was incompetent because the incidents referred to tending to exonerate the defendant occurred on days previous to the day upon which the assault with which the defendant was charged occurred, that is to say: that such incidents were not a part of the *res gestae* and should be considered as self-serving declarations and therefore inadmissible. There was no error in this ruling. The evidence was clearly inadmissible upon the ground interposed. Barton v. State, 72 Fla. 408, 73 South. Rep. 230; Jenkins v. State, 58 Fla. 62, 50 South. Rep. 582; West v. State, 53 Fla. 77, 43 South. Rep. 445; Fields v. State, 46 Fla. 84, 35 South. Rep. 185.

We find no reversible error in the record and the judgment will be affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., dissents.