GEORGE FARRIN v. STATE OF NEBRASKA.

FILED OCTOBER 7, 1924. No. 24023.

1. **Larceny:** EVIDENCE. Evidence examined and outlined in the opinion, *held* sufficient to establish that the property charged to

Farrin v. State.

have been stolen was taken without the owner's consent; that the taking was with felonious intent; that the offense was committed in the county, as charged in the information; and that the verdict is sustained by sufficient evidence.

2. . Criminal Law:  PROOF OF VENUE.  In a criminal prosecution it is not necessary that the venue of the crime should appear from the state's evidence, provided the venue as alleged appear; from the record as a whole.  It may be established by the testimony given by the defendant.

ERROR to the district court for Keya Paha county: ROBERT R. DICKSON, JUDGE.  *Affirmed.*

*C. E. Lear,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

GOOD, J.:
Plaintiff in error, hereinafter referred to as defendant, presents to this court for review the record of his conviction of the crime of stealing cattle in Keya Paha county, Nebraska.

The only error relied upon for a reversal is that the verdict is not sustained by the evidence.  Defendant urges, first, that the evidence does not show that the property, one calf, was taken without the consent of the rightful owner; second, that the evidence fails to show that defendant took the calf from the premises of Wood, the alleged owner; and, third, that it is not shown that the crime, if any, was committed in Keya Paha county.

The record discloses that defendant and Milton M. Wood, the complaining witness, were neighboring ranchers in Keya Paha county, Nebraska.  In the latter part of May, 1922. Wood missed two calves from his ranch.  He made inquiry concerning the calves of his neighbors, including the defendant.  The latter answered that he had not seen and knew nothing of them.  On a subsequent visit

to defendant, Wood found one of the two calves on defendant's premises. Upon the demand of Wood, defendant returned the calf to the home of Wood. Later, Mr. Wood located the other calf on a ranch of one Bogardus, about 18 miles distant, and ascertained that it had been taken there by defendant. Wood, in company with the sheriff and his deputy, visited the defendant's home and again inquired if he had found the other calf. Defendant asserted that he had not seen and knew nothing of it, but, when informed that the calf had been found he offered to go after it and return it to Wood and pay the expenses incurred in the search for it. We think this conclusively shows that Wood did not consent to the taking of the calf.

It is argued that the calf may have strayed onto the premises of defendant, and, if so, that it was not taken with felonious intent. Conceding that the calf may have strayed upon the premises of the defendant, the fact that he took possession thereof, took it a distance of 18 miles, and had it placed with some of his own cattle, and afterwards denied any knowledge of the calf, sufficiently shows that there was an asportation of the property with a felonious intent.

With reference to the venue of the offense, the record shows that the trial was had at Springview, the county seat of Keya Paha county, and the information charged the theft to have occurred in that county. The evidence of Wood is to the effect that he had lived in the county for 40 years and had lived for about 20 years at his present location. There is no direct evidence on the part of the state that the home of the defendant was within Keya Paha county, but the defendant was a witness in his own behalf and stated upon his examination that he had lived in the county for more than 6 years and on the place where he then resided for more than 5 years. This evidence by defendant is sufficient to show that his home was in the county of the trial and of the alleged theft. The property was taken by him from his home to the ranch of Bogardus. It is not necessary that the venue should

appear from the state's evidence, but it is sufficient if it appears from the record as a whole, even though it may be by the testimony given by defendant.

It is argued that the identity of the calf is not sufficiently proved. At the time of his arrest, defendant did not claim to own the calf or any right to its possession, but apparently conceded that the identical calf claimed and taken by Wood was Wood's property. The calf was positively identified by Wood and by two of his children. We are of the opinion that the verdict is sustained by sufficient evidence.

The judgment is

AFFIRMED.

Note—See Criminal Law, 16 C. J. p. 767, sec. 1572; Larceny, 36 C. J. p. 899, sec. 483.