C. TURNER and CHARLES THOMAS, *Plaintiffs in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion filed February 3, 1930.

*R. A. Johnson,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

ANDREWS, Commissioner:

The plaintiffs in error were convicted in the Criminal Court of Record of Dade County of breaking and entering

a dwelling place with intent to steal personal property of the value of over fifty dollars. The case is here for review upon writ of error.

The first assignment of error presented is based upon the court's denial of the motion for new trial.

It is alleged that the evidence is insufficient to support the verdict in that there was no proof that the defendants forcibly entered the dwelling and the State failed to prove an intent to commit the offense charged.

The evidence shows without contradiction that these two defendants were caught by the owner on the night alleged taking the property from the dwelling through a doorway from which the shutter had just been forced and broken off. The defendants immediately offered an explanation which evidently was not given full credence by the jury.

At the trial effort was made by defendants to show that one Earl Shull, who was jointly charged as an accomplice, induced and caused defendants innocently to remove the property from the dwelling. It appears, however, that the owner on that night asked these defendants to describe him and particularly as to:

"What kind of a looking man, and they said they forgot what he looked like."

"At the time I found them they said there was a man supposed to be watching out there. They didn't say who he was and I found out through Mrs. Pate. She told me who it was and I went and had him arrested and carried to jail and them fellows said they never saw him before in their life. That fellow was Earl Shull."

In the case of Glisson v. State, 85 Fla. 493, 96 So. R. 840, this Court said:

"When a party who is charged with breaking and entering a building with intent to steal is found in possession of goods recently stolen from such building and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue, otherwise he should be acquitted. The account given must be not only reasonable, but it must be credible or sufficiently so to raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness and probability as well as of its credibility. The account given may be reasonable and highly plausible, and yet the jury may not believe a word of it to be true. In the latter case they would have the right to convict upon the proof that the building was broken and entered and the evidence furnished by the possession of the stolen goods, even though the State had not put in any proof directly to prove the falsity of the account given."

See also Collier v. State, 55 Fla. 7, 45 So. R. 752; Thompson v. State, 58 Fla. 106, 50 So. R. 507. The facts of this case differentiate it from the case of Kilcrease v. State, 96 Fla. 264, 117 So. R. 862.

We have carefully examined the testimony and it appears ample to support the findings of the jury who are the exclusive judges of the weight of the evidence and credibility of the witnesses.

The second assignment of error is based upon practically the same matter set up in the seventh ground of the motion for new trial relative to an alleged statement made by two members of the trial jury to defendants' attorney wherein it is stated that they asked the court through the bailiff as to whether the jury could return a verdict for an offense less than that charged in the information and that the court replied that they must find defendants guilty as charged or not guilty.

In the first place the only testimony appearing in the record as to the value of the property loaded in the car by these two defendants shows the value to be considerably over fifty dollars. The averments in a motion for new trial, unsupported by an affidavit or other proper evidence, is not self-supporting and not evidence of the facts averred in it. Britt v. State, 88 Fla. 482, 102 So. R. 761.

There was filed in support of the seventh ground of the motion for new trial an affidavit of the attorney for defendants which states what two members of the jury told him as to what occurred in the jury room and as to their understanding of the meaning of the court's instructions. The record is otherwise silent as to the matter set up in the affidavit of defendants' attorney.

In the first place the matters stated in the affidavit are purely hearsay as it undertakes to state what another person said and not matters within affiant's own knowledge. Even if the two jurors had made in substance the affidavit signed by defendants' attorney, it would not have been proper procedure to invalidate a verdict.

"The general rule is that affidavits of jurors are admissible to explain and uphold their verdict, but not to impeach and overthrow it. But this general

rule is subject to this qualification, that affidavits of jurors may be received, for the purpose of avoiding a verdict to show any matter occurring during the trial or in the jury room which does not essentially inhere in the verdict itself. In fact the rule is general, with but few exceptions, if any, that the testimony of jurors will not be received to impeach their verdict.'' Lindsey v. State, 88 Fla. 135, 101 So. R. 273; 27 R. C. L. 896; 5 L. R. A. 523.

The matters stated in the affidavit show that it inheres essentially in the verdict itself.

The general rule appears to have always been that affidavits of jurors would not be received to show that a juror or jurors misunderstood the court's charge. If they differ about the instructions of the court, they should come into court and have them repeated; and, if they fail to do this, they ought not to be permitted to show afterwards what their impressions or views of the instructions were. 27 R. C. L. 897, Sec. 69.

The issues in this trial appear properly covered by charges of the court as to the law, the pleadings and the evidence.

If counsel for a defendant feel that the charges given by the court of its own motion do not fully cover essential issues raised by the pleadings and the evidence, it is the duty of counsel to prepare and present a charge upon the point or points desired; otherwise, he will not be heard to complain. Witt v. State, 80 Fla. 38, 85 So. R. 249.

Plaintiffs in error further contend in their third and fourth assignments of error that the trial court erred in sustaining the objections of the county solicitor to the questions asked Mrs. Alice Pate relative to conversations

she said she had heard between Earl Shull and the two defendants, and conversations she had with Shull.

The record shows that Shull was charged in the same information with aiding, abetting and assisting in the commission of the same offense, but upon a previous trial had after a severance, been acquitted.

The testimony sought from Mrs. Pate is clearly inadmissible not only as hearsay, but under the rules which exclude self-serving statements, not part of the res gestae, made to a defendant by a third person not a party to, nor connected with, the case being tried.

In addition to the above, it appears that this witness was a surety on the appearance bond of these defendants.

Evidence of declarations or acts of a defendant, prior to the commission of the offense by him, in his own favor or interest, falling within the class designated as "self-serving declarations and acts," and forming no part of the res gestae, is not admissible. Dean v. State, 78 Fla. 545, 83 So. R. 504. The defendants cannot show self-serving acts before or subsequent to the crime. Jenkins v. State, 58 Fla. 62, 50 So. R. 582.

Finding no reversible error, the judgment of the trial court is affirmed and it is so ordered.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, J., dissents.