FLOZELL HAMP v. STATE.

178 So. 833.
Division A.
Opinion Filed December 14, 1937.

*R. A. Hendricks,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus W. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction under Count One of an information, which count of information was as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA: ROBERT R. TAYLOR, County Solicitor of the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that FLOZELL HAMP of the County of Dade and State of Florida, on the 29th day of January in the year of our Lord, one thousand nine hundred and thirty-seven, in the County and State

aforesaid did unlawfully and feloniously break and enter the dwelling house located at 440 Northwest 22nd Street, City of Miami, Dade County, Florida, property of Mrs. Lessie Fields, with intent to commit a felony therein, to-wit: rape, with intent to unlawfully assault and have carnal intercourse against the will and consent of a female lawfully therein, to-wit: Thelma Harper; and the said defendant, Hamp Flozell, while unlawfully therein, did unlawfully make an assault upon a person lawfully therein, to-wit: Thelma Harper, by unlawfully placing his hands upon the body and person of the said Thelma Harper, thereby attacking, frightening, scaring and otherwise mistreating the said Thelma Harper, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Florida."

The information charges the offense denounced by the provisions of Section 5715 R. G. S., 7216 C. G. L.

Questions One and Two stated by plaintiff in error are as follows:

"Where the information in the first count charges the offense of rape and the offense of an unlawful assault, when the information is timely attacked by demurrer and motion to quash as being duplicitous in that it charges the offense of breaking and entering a dwelling house; the offense of rape (of which offense the Criminal Court of Record of Dade County, Florida, has no jurisdiction); the offense of assault; and assault and battery; is this a good information?"

"2. Where the second count of the information in this case charges the offense of a felony and a misdemeanor in the same count and the information is timely attacked by demurrer and motion to quash for this defect, is it a good information?"

The information is substantially in the language of the statute and the contention of plaintiff in error must be de-

termined adversely to him on authority of the opinion and judgment of this Court in the case of Davis v. State, 45 Fla. 137, 35 Sou. 76, where like contentions were presented.

The third question challenges the sufficiency of the evidence to support the verdict.

The principal State's witness testified of the existence of every material fact necessary to establish the guilt of the accused. The accused attempted to establish an alibi. He and several witnesses testified that at the time the offense was alleged to have been committed the accused and the said witnesses were in a room in another house listening to the account of the Lewis-Pasteur prize fight as it came over the radio. The proprietor of that house, however, testified that at the time there was no radio in the room where defendant and his witnesses testified they were, but that there was a radio in another room which might have been heard by defendant. So the jury evidently did not believe the evidence tending to establish the alibi. This was a matter for the jury to determine and this Court should not assume, under the state of the record, to disturb its conclusion in this regard. McGill v. State, 42 Fla. 199, 28 Sou. 156; High v. State, 101 Fla. 163, 134 Sou. 154; Broxson v. State, 99 Fla. 787, 128 Sou. 628.

The fourth question challenges the propriety of certain charges given by the court of its own motion. The charges complained of have been examined and found to be proper.

The fifth question is not stated so as to comply with Rule 20, but we have considered the point sought to be presented and find no reversible error reflected in that regard.

The sixth question challenges the correctness of the action of the court in refusing to give certain charges requested by defendant. These requested charges were as follows:

"The defendant in this case has testified as a witness in his own behalf under his plea of not guilty and plea of alibi.

In considering the testimony of the defendant you should consider it just as you will the other witnesses, both for the State and for the defendant who have testified in this case, and give it just as much weight as you believe it entitled to receive and you may believe it in preference to all the other testimony given in the case if you believe it is entitled to such weight and preference."

"The Court charges you that the defendant is presumed by the law to be innocent until he is proven guilty to your satisfaction beyond and to the exclusion of every reasonable doubt arising from the evidence or the lack of evidence in this case. This presumption of innocence is a matter which you should consider when you retire to make up your verdict and you should weigh the evidence in the light thereof, and if after doing so you have a reasonable doubt in your minds as to the guilt of the defendant, you should give him the benefit of that doubt and acquit him."

"The Court charges you that a reasonable doubt is such a doubt that arising in the mind of a reasonable and prudent man would cause him to hesitate and consider and reconsider as to the course of action to be pursued by him in one of the important affairs of life."

"The Court charges you that before you would be authorized to convict the defendant you must believe beyond a reasonable doubt that the defendant broke and entered the building described in the information, and that it was necessary for the defendant to use force sufficient to accomplish a breaking, for there can be no breaking and entering as alleged in this information without force."

The principles of law constituting the basis for the above quoted requested charges were sufficiently covered in the Court's general charge.

The Seventh question finds no sufficient foundation in the record and is, therefore, not further commented on.

The Eighth, Ninth and Tenth questions concern the action of the Court in regard to the attempt on the part of one of the jurors to impeach the verdict after jury was discharged by denying that the verdict was the verdict of such juror. We find no error reflected in this connection. See Kelly v. State, 39 Fla. 122, 22 Sou. 203; McMurray v. Basnett, 18 Fla. 609; Turner v. State, 99 Fla. 246, 126 Sou. 158; Linsley v. State, 88 Fla. 135, 101 Sou. 273; Coker v. Hayes, 16 Fla. 368.

In the last cited case it was stated in the opinion which was written by Mr. Justice WESTCOTT:

"Pope says he did not assent to the verdict because he thought it warranted by the law and the evidence, but because of the discontent of many of the jurors at his not agreeing with them; that several of the jurors cursed around and about him, and signified he was bribed not to agree with them; that for these reasons and the additional one that he was the only one hanging the jury, he finally consented to the verdict rendered. Is the affidavit of this juror to be received to impeach his verdict? In the case of Grinnell v. Phillips (i Mass. 542) where the juror swore that in his mind he had never approved the verdict, or consented to it, SEWALL, J., said: 'As to this point the witness is not to be believed or heard. The record of a verdict implies a unanimous consent of the jury, and is conclusive and incontrovertible evidence of the fact.' There can be no doubt upon this general question. (Salk. 645; 1 T. R. 11; 2id. 281; 4 Bos. & Pul., 326; 4 John. 487; 5 Hill 560; 12 How. Pr. 428; 5 Dev. 367; 12 Kan. 539; 48 Cal. 85; 37 Iowa 339.) It is needless to discuss the reasons for the rule. The oath of a juror is not admissible to impeach his verdict.

"In a recent case in the Supreme Court of Massachusetts, (107 Mass. 461) the English and many of the American

cases are reviewed. The court there says: 'We have not found in England any case since the beginning of this century in which, after the return and affirmance of a verdict in open court, the testimony of jurors to the motives and influence by which their deliberations were governed has been admitted.' "

The trial court would have acted without committing error had he declined to consider the affidavit of the juror who sought to impeach his verdict or any evidence in connection therewith. However, the record shows that the court did hear evidence and decided that there was no reason shown to grant a new trial on that account.

The Eleventh question challenges the action of the Court in denying the motion for new trial.

We have examined the record and find no reversible error.

The judgment should be affirmed and it is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.