JOE JOHNSON v. STATE.

197 So. 721
Division A
Opinion Filed July 23, 1940
Rehearing Denied September 24, 1940

*Philip D. Beall, H. H. Wells,* and *J. McHenry Jones,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General,. *William Fisher, Jr.,* Assistant Attorney General, and *E. Dixie Beggs, Jr.,*. .State Attorney, for Defendants in Error.

TERRELL, C. J.—A judgment of conviction for man-slaughter against the plaintiff in error was affirmed by this·

Court. Permission having been granted by us, application for writ of error *coram nobis* was filed in the circuit court. The State moved to dismiss on the ground that the application was filed after the time allowed under the law for filing such applications. Pleas were also filed testing the sufficiency of the application on which it was predicated. The trial court sustained the pleas and dismissed application. This writ of error is to the latter order.

The gist of the affidavit on which the application for writ of error *coram nobis* is predicated is that a former constable offered affiant, a member of the jury, ten dollars if he would give plaintiff in error "the works" but after the trial was concluded and plaintiff in error was convicted he (former constable) refused to pay affiant the ten dollars because he had not given plaintiff in error "the works." The affidavit was unsupported.

The substance of the affidavit was tantamount to an attempt on the part of the juror to impeach his own verdict and that of the jury by testimony as to the motives which actuated the jury in its deliberations and in reaching its verdict. No principal of law is better settled than that this cannot be done. Kelly v. State, 39 Fla. 122, 22 So. 303; Hamp v. State, 130 Fla. 801, 178 So. 833; 16 C. J. Sec. 2757.

The question of granting a writ of error *coram nobis* is vested in the sound discretion of the trial judge and his judgment will not be reversed by this Court unless there is shown to be a clear abuse of discretion. The fact that this Court has granted permission to make the application does not inhibit the circuit court from testing its sufficiency in the light of considerations before him. The evidence in this case was ample to support the conviction and the affidavit on which the application was made was such that the trial court was clearly within his discretion in denying it.

The judgment is therefore affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.