**DEMPSEY-VANDERBILT HOTEL, INC., now known as Vanderbilt Hotel, Inc., v. COANRAAD HUISMAN.**

15 So. (2nd) 903  
November 23, 1943  
Rehearing Denied January 4, 1944

June Term, 1943  
Division B

*Knight & Green,* for appellant.
*Nat L. Williams,* for appellee.

SEBRING, J.:

Coanraad Huisman was a paying guest at a hotel maintained and operated by Dempsey-Vanderbilt Hotel, Inc. While descending a stairway leading from the hotel to the oceanfront, he fell, sustaining personal injuries. The treads of the stairway were made of unglazed tiles cemented together. Huisman sued Dempsey-Vanderbilt Hotel, Inc., for the injuries sustained. The declaration alleged that a step in the stairway maintained for the use of guests at the hotel was in such a broken and defective condition that Huisman slipped and fell when he stepped thereon. It was charged in the declaration that this defective condition had existed for such period of time that the proprietor had knowledge, or was put on notice, of this condition. Pleas of the general issue, contributory negligence, and a denial of knowledge or notice of the defective condition, were filed by the defendant.

Upon the trial, Huisman received a verdict for $2,500. Motion for new trial was denied and final judgment was entered on the verdict. The defendant appealed from the judgment.

It is first contended by appellant that the trial court erred in overruling a demurrer to the declaration. The ground urged is that it affirmatively appears from the face of the declaration that at the time of the accident the hotel guest was guilty of negligence that proximately contributed to his injury. We do not consider this contention maintainable. There may be cases where a plaintiff, by the allegations of his own declaration, will preclude himself from recovery against the tort-feasor because of contributory, or sole, negligence appearing on the face of the pleading. But such cases are rare, and this is not one of them. Although the declaration upon which the parties went to trial may have been inartificially drawn, it did not wholly fail to state a cause of action.

The next assignment of error is directed to the sufficiency of the plaintiff's evidence in chief to sustain the allegations of the declaration, as against a motion for directed verdict made at the close of the plaintiff's case. It is submitted that the plaintiff failed to prove either that the hotel corporation had knowledge of the defective condition of the stairway, or that the condition had existed for such period of time as to charge defendant with notice thereof. It is also urged in connection with this assignment that because the accident occurred upon a clear day at a time when the steps were dry, the alleged defective condition of the stairway was readily observable to the plaintiff, and his failure to protect himself from injury thereby must prevent recovery on the ground of contributory negligence.

According to the plaintiff's testimony the accident occurred at about 11:30 o'clock in the forenoon. Huisman was fully clad at the time. After registering at the hotel as a paying guest he had gone out on a tiled terrace overlooking the ocean and, after pausing there for a few moments, had started down the stairway leading to a swimming pool adjacent to the hotel. He had proceeded in a leisurely manner keeping a general lookout ahead in the direction he was

going. He had not observed any defect in the stairway, nor did he have knowledge of any such defect prior to the accident. As he stepped on the tread of the second step descending, the heel of his shoe hooked or caught in something in the tread, and he was thrown to the bottom of the stairway. After resting for a few minutes and recovering from the shock of the fall, Huisman examined the stairway from whence he had fallen. He found upon examination that at the spot where his heel had caught, some of the tiles were loose and insecure and a V-shaped segment about three inches wide and two inches deep had been broken from the front of the tread at a point where two tiles had been cemented together. Otherwise, the steps were clear of defects, debris, or obstructions of any kind that might have caused the mishap to the plaintiff. A few days after the accident Huisman related his experience to the manager of the hotel, and showed him the spot where the accident had occurred. At that time the manager stated to Huisman, "I knew about it, I will take care of you, everything."

One Jolles was called as a witness for the plaintiff. He testified that approximately one month prior to the accident he had walked down the stairway and had noticed several tiles that were somewhat broken in the manner described by the plaintiff. Also, he had seen the stairway on the day of the accident and it was then in the same condition as it had been at the time he had first seen it.

It will be observed that not only was proof offered which fairly tended to prove the cause of the accident, but testimony was adduced that this condition had existed for at least thirty days prior to the accident. In our opinion, this testimony, which, for the purpose of the motion for instructed verdict must have been admitted as true, established the existence of the defective condition for such period of time as to charge defendant with notice thereof. As to the point that on his own testimony plaintiff must be held guilty of contributory negligence barring recovery as a matter of law, we think that issue was for the jury under appropriate instructions from the court.

Not every person who goes upon a public stairway by

implied invitation and is injured thereon is precluded from recovery on the ground of contributory negligence, even though the accident happens in the light of day. One lawfully walking upon a stairway to which he has been invited is not bound, at his peril, to discover and guard against every defect in the steps he is traversing, even though had his attention been directed to such defect he could have readily avoided it. It is not "contributory negligence" to fail to look for danger when there is no reason to apprehend any. Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658. Such person is charged with the duty of keeping a general lookout in the direction he is traveling and of using ordinary and reasonable care to avoid known or obvious dangers. But he has the right to act upon the assumption that the stairway maintained for his convenience is in a reasonably safe condition for travel, and to conduct himself accordingly. J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann. Cas. 1913C 564; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, L.R.A. 1916C 1208. He is not obliged to keep his eyes constantly and at every moment upon the tread he is traversing or to make an active and critical search for hidden defects before placing his foot upon it. Unless the danger is so patent, open, and obvious as to lead an ordinarily reasonably prudent man to the belief that such care is required by the danger confronting him, it is our view that he is not bound to proceed at a creeper's gait, or to feel his way along, or to look at every spot he steps on, in anticipation of danger.

The final point raised is that the court erred in not granting a new trial. The ground urged is the alleged misconduct of the jury in arriving at its verdict. It is said the jury acted upon its own personal knowledge of the matters involved in the controversy between the parties, and allowed such personal knowledge to override testimony that came to it from the witness stand, in reaching its verdict.

During the course of the trial the defendant requested that the jury be allowed to view the premises where the accident occurred. See Sec. 54.16 Florida Statutes, 1941. Before the trial judge ruled on the motion he required defendant to

prove that the stairway was in precisely the same condition that it was at the time of the accident. Thereupon one Wilson, a tile setter by occupation, was called as a witness for defendant. He testified that he had examined the premises and that no changes or repairs had been made in the stairway since the date of original construction. When asked on cross examination whether or not it would have been possible for someone to have removed the broken tiles and to have replaced them with the others prior to his inspection of the premises, he responded that this could not have been done without new mortar joints revealing, by their different color from the old mortar joints, the fact that such repairs had been made. The motion for views was then granted, and the jury was taken to view the premises.

Upon motion for new trial the defendant sought to impeach the verdict of the jury by certain affidavits made by one of the jurors, and by counsel for defendant upon information derived from said juror, to the effect that when the jury finally retired to the jury room to consider its verdict several of the jurors stated that when they had viewed the premises they had made a careful examination of the steps in question, and particularly of the concrete between the tiles, and had found evidence that changes and repairs to the steps had been made since original construction. It is asserted in the affidavits that these statements by said jurors had a controlling effect upon the minds of their fellow jurors in arriving at their verdict. It is argued that because of this the jury based its verdict, or was influenced in arriving at its verdict on evidence improperly developed by the jurors themselves at a view of the premises.

No rule is better established in this jurisdiction than that which precludes a juror from impeaching his own verdict by testimony as to motives and influences by which the deliberations of the jury were governed, where no illegal or formal misconduct is involved. Coker, v. Hayes, 16 Fla. 368; Godwin v. Bryan, 16 Fla. 396; McMurray v. Basnett, 18 Fla. 609; Kelley v. State, 39 Fla. 122, 22 So. 303; Langford v. King Lumber & Mfg. Co., 123 Fla. 855, 167 So. 817; Hamp v. State, 130 Fla. 801, 178 So. 833; Johnson v. State, 144 Fla. 87, 197 So. 721. Neither may an affidavit made by a person,

based upon information derived from statements of a juror as to the conduct of the jury in the jury room, be used for such purpose. The affidavit of the outsider is entitled to no greater weight than the affidavit of the juror under such circumstances; it must stand on the same footing. Coker v. Hayes, *supra*.

It is apparent from the recitals in the affidavits that no illegal or formal, misconduct of the jury is involved. For this reason, if for no other, the trial court could have declined to consider the affidavits to impeach the verdict. See Langford v. King Lumber & Mfg. Co., *supra*, Wigmore on Evidence, 2nd Ed. Secs. 2349, 2354 (b).

But even had it been proper to consider the affidavits, no facts are alleged therein to warrant a new trial. Although no evidence may be taken at the view, the purpose of a view is to assist the jury in analyzing and applying the evidence taken at the trial. Garcia v. State, 34 Fla. 311, 16 So. 223; Coker v. Merritt, 16 Fla. 416; O'Berry v. State, 47 Fla. 75, 36 So. 440; A.C.L. R.R. Co. v. Whitney, 65 Fla. 72, 61 So. 179; Dixon v. State, 143 Fla. 277, 196 So. 604. The witness, Wilson, testified that no changes or alterations had been made in the steps where the accident occurred since the date of original construction. Furthermore, he had given to the jurors a simple method by which they could determine for themselves whether or not such alterations had been made. Some of the jurors apparently applied this test when they viewed the premises, and, from their own examination came to the conclusion that the witness was mistaken in his testimony.

It would be strange, indeed, if under such circumstances jurors, in arriving at their verdict, or in considering the credibility of a witness, could not take into account ordinary physical facts apparent to them on a view ordered by the court, when such physical facts belied testimony coming from the witness stand to the contrary. Let us suppose that in the instant case the witness had given testimony that the steps were of concrete construction, and the jury, upon inspection, had found them to be made of wood; would the jurors in such instance have been obliged to accept the state-

ment of the witness when their own senses disclosed a physical condition to the contrary? We are unable to agree with counsel that what was alleged to have been done by the jurors in this instance was in any sense violative, either of the rule that evidence may not be taken at the view, or that the jury may not arrive at their verdict by personal knowledge of the facts, aliunde.

This was a typical jury case. There was a conflict of testimony. The trial judge allowed the jury to settle the conflict, under appropriate instructions. We find no reversible error.

The judgment should be affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.