### LEO ROBERTS v. STATE OF FLORIDA

16 So. (2nd) 435               January Term, 1944
January 28, 1944                 Division B

*W. D. Jobe,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

SEBRING, J.:

The appellant, Leo Roberts, was tried and convicted in the Criminal Court of Duval County of the crime of having unlawful carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years. This appeal is from the judgment, two questions being presented for determination.

It is first contended by the appellant that the State has failed to prove that the crime was committed in Duval County and that consequently the motion for a directed verdict of acquittal made at the close of the State's case in chief should have been granted. No direct proof of venue was adduced by the State, the prosecuting witness being unable to testify definitely concerning the exact situs of the crime. Testimony

was offered as to the general locality of the offense, however, which the State contends was sufficient to raise a reasonable inference that the offense was committed in Duval County. See Lowman, et al., v. State, 80 Fla. 18, 85 So. 166. After the denial of the motion for a directed verdict of acquittal the defendant took the stand to testify in his own behalf. Upon examination he freely admitted having had sexual intercourse with the prosecuting witness, his defense being, apparently, that she was not of previous chaste character at the time and that she gave her consent to the act. On cross examination he stated that the act was consummated in Duval County. The motion for directed verdict was not renewed at the close of all the evidence.

Under these circumstances we are of opinion that if the trial judge committed error in refusing to grant the motion for directed verdict made at the close of the State's case, it was harmless error which did not injuriously affect the substantial rights of the appellant, for from the whole evidence in the case the place of the commission of the offense is not left in doubt. See Sec. 924.33 Florida Statutes, 1941; Powers v. State, 156 Miss. 316, 126 So. 12; State v. McCutchan, 219 Iowa 1029, 259 N.W. 23; Farrin v. State, 112 Neb. 608, 200 N. W. 54. What our conclusion would have been had the defendant not voluntarily offered himself as a witness in his own behalf and thus subjected himself to proper cross-examination concerning the matters testified to by him or direct examination is a matter not necessary to be decided, in the light of the record before us.

The verdict returned by the jury recited: "We, the Jury, find the defendant Guilty as Charged with recommendation of suspended sentence. So say we all." The appellant asks for a new trial on the ground that at the time the jurors concurred in the verdict of guilty they did so only because of their belief that when a recommendation for suspended sentence was thus incorporated in the verdict the trial judge was mandatorily bound to follow the recommendation of the jury; that otherwise they would not have found the defendant guilty of the offense charged. The appellant seeks to support the contention by an affidavit of one of the jurors filed in the court below to the effect that "after being duly instructed

by the Court, said jury retired to the jury room to deliberate and consider its verdict; that after due deliberation, and after mature consideration, it was the unanimous verdict of his jurors that the circumstances and facts involved did not justify an absolute verdict of 'guilty,' but that said jurors felt that said defendant should be and should have been reprimanded in some manner, and that it was the opinion of said jurors that a verdict of 'guilty' with the recommendation attached thereto in words and figures as follows; that 'the defendant be given a suspended sentence' made it mandatory upon the Court to suspend whatever punishment it meted out to the defendant; and that it was not the intention of said jury to convict said defendant with the idea of his being required to serve any time at the State Prison, or otherwise, unless he violate the terms of the Probation contemplated by virtue of the suspension of the sentence pronounced upon him by the said Court; and this affiant further deposes and says that if the said jury and each and every member thereof had known that said recommendation would not have been mandatory upon the Court, that it would not have rendered its verdict of 'guilty'."

We are of opinion that the affidavit shows upon its face an attempt upon the part of a juror to impeach his own verdict. The trial court would have acted without committing error, therefore, had he declined to consider the affidavit. Hamp v. State, 130 Fla. 801, 178 So. 833. But assuming the affidavit to have been properly before the court for the purpose tendered, no facts are alleged therein to warrant a new trial. The affidavit recites that the trial judge duly instructed the jury as to the law of the case—as indeed the record shows that he did, including specific instructions as to the form of verdict to be used in the event either of a finding of guilt or of innocence. He instructed them fully as to the various legal phases of the offense charged, and of the degree of proof required for a lawful conviction. He charged them specifically that if they were not convinced by the evidence beyond every reasonable doubt of the guilt of the defendant they should find him not guilty. We think that it appears from the affidavit that all of the jurors were of the opinion that the defendant was guilty of the offense

charged, but felt that the court should be lenient in imposing sentence. To allow a juror to impeach his verdict by an affidavit that despite the oath he had taken as a juror to determine the case upon the law and the evidence he would not have returned the verdict he did had he known that the court would not heed his recommendation for leniency would be to allow a juror to impeach his own verdict by testimony as to motives and influences by which the deliberations of the jury were governed. It is well settled that this may not be done, where no illegal or formal misconduct is involved. Coker v. Hayes, 16 Fla. 368; Godwin v. Bryan, 16 Fla. 396; McMurray v. Basnett, 18 Fla. 609; Kelly v. State, 39 Fla. 122, 22 So. 303; Langford v. King Lumber & Mfg. Co., 123 Fla. 855, 167 So. 817; Hamp v. State, 130 Fla. 801, 178 So. 833; Johnson v. State, 144 Fla. 87, 197 So. 721; Dempsey-Vanderbilt Hotel Inc., v. Huisman, 153 Fla. 800, 15 So. (2nd) 903.

The recommendation made by the jury was a matter addressed merely to the sound judicial discretion of the trial judge; it was not binding upon him. Its inclusion added nothing to the efficacy of the verdict. Sec. 919.23 Florida Statutes, 1941. The trial judge could have followed the recommendation had he seen fit to do so; or he could have ignored or rejected it, as, apparently, he did. In either case the recommendation was surplusage that neither affected the power or duty of the trial court to award the sentence and fix the punishment prescribed by law, nor rendered the verdict, by its inclusion, illegal, indefinite, or void. See Sec. 919.22 Florida Statutes, 1941; Graham v. State, 202 Ark. 981, 154 S.W. (2nd) 584; Presnell v. State, 71 Okl. Cr. 162, 109 P. 834; U. S. v. Parker, 103 Fed. (2nd) 857.

All grounds of appeal have been duly considered and are found to be without substantial merit. Finding no material error in the record sufficient to justify reversal, the judgment is affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ. ,concur.