73 So.2d 218 (1954)
STATE
v.
RAMIREZ.
Supreme Court of Florida. Division A.
June 8, 1954.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellant.
Branch & Goff, Tampa, for appellee.
SEBRING, Justice.
Eloy Ramirez was tried for the crime of rape and the jury returned a verdict of guilty with a recommendation to mercy. Within the time provided by law, the defendant filed a motion for new trial which contained the ground that "The verdict as announced was not the unanimous verdict of the jury as is evidenced by the affidavit of the juror, William Henry Cowart * * *." Attached to the motion was an affidavit executed by the said Cowart to the effect that at all times during the course of the jury's deliberations he was convinced of the defendant's innocence but failed to register any objection to the verdict returned by the jury because of his understanding and belief from the charges given by the trial judge that only a majority vote for a conviction by the members of the jury was necessary in order to convict the defendant, and that when a majority so voted he had no right to protest but was bound by such majority vote.
The motion for new trial came on for hearing and at the conclusion of the argument the trial judge entered the following order:
"Eloy Ramirez was tried on a charge of rape * * * the jury sworn to try the case brought in a verdict finding the defendant * * * guilty of rape and recommended him to the mercy of the Court. The jury was not polled. On the next morning * * * William Henry Cowart, one of the jurors who brought in the verdict in the * * * case, voluntarily came to me and told me that he was very disturbed about the verdict * * * that he was firmly convinced that the defendant * * * was innocent and that at no time during the deliberations had he ever been convinced of his guilt and that at the time the verdict was announced, he was still convinced of the innocence of the defendant * * * that he *219 agreed to the verdict and remained silent when it was read in open court by the clerk because of his impression that the verdict of a majority was sufficient to convict, evidently confusing this with the instruction that in the event of a verdict of guilty, the vote of a majority was sufficient for a recommendation of mercy. I questioned Mr. Cowart thoroughly to ascertain if anyone had spoken to him since the verdict was rendered * * * I am convinced that no one had been to see him or discuss the matter with him.
"Although the general rule is that a juror cannot impeach the verdict of the jury, nevertheless, considering the above facts, I am convinced that the ends of justice require granting the defendant * * * a new trial and resubmitting the case to another jury.
"It is therefore adjudged and ordered that the verdict of guilty in this case be, and the same is hereby vacated and set aside, and * * * the Motion of the defendant for a New Trial * * * is hereby granted * * *."
The State of Florida has appealed from this ruling. Section 924.07, Florida Statutes 1951, F.S.A.
It is apparent from the order appealed from that the trial judge, in granting the motion for new trial, considered only the ground which we have noted above, although there were other grounds contained in the motion.
As to the ground upon which the new trial was ordered, it is settled that a juror, after solemnly entering his verdict in court, is not to be believed or heard when, after the discharge of the jury of which he was a member, he swears that he never approved or consented to the verdict; and that after the return of a verdict in open court the testimony of jurors as to motives and influences by which their deliberations were governed should not be received.
As the matter is stated in Turner v. State, 99 Fla. 246, 126 So. 158, 159:
"`The general rule is that affidavits of jurors are admissible to explain and uphold their verdict, but not to impeach and overthrow it. But this general rule is subject to this qualification, that affidavits of jurors may be received, for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room which does not essentially inhere in the verdict itself.' In fact `the rule is general, with but few exceptions, if any, that the testimony of jurors will not be received to impeach their verdict.' Linsley v. State, 88 Fla. 135, 101 So. 273, 275; 27 R.C.L. 896; Bartlett v. Patton, 33 W. Va. 71, 10 S.E. 21, 5 L.R.A. 523.
"The matters stated in the affidavit show that it inheres essentially in the verdict itself.
"The general rule appears to have always been that affidavits of jurors would not be received to show that a juror or jurors misunderstood the court's charge. If they differ about the instructions of the court, they should come into court and have them repeated; and if they fail to do this, they ought not to be permitted to show afterwards what their impressions or views of the instructions were. 27 R.C.L. 897, § 69."
The affidavit of the juror upon which the trial judge entered his order contains no suggestion of any matter occuring during the trial or in the jury room that could possibly have affected the validity of the verdict, except matters which essentially inhered in the verdict itself. What the juror sought to do by his affidavit was to impeach his own verdict because of matters resting in his own consciousness at the time of the deliberations and not imparted to others, and this cannot be done.
Therefore, the trial court committed reversible error in granting the new trial upon the ground stated.
The governing principle is stated in Linsley v. State, 88 Fla. 135, 101 So. 273, 275, as follows:
"It is upon grounds of public policy that the rule is observed that the affidavit, deposition, *220 or statement of a juror will not be received to impeach his own verdict; but this rule relates to matters resting in the personal consciousness of the juror, as said by Mr. Justice Brewer in Perry v. Bailey, 12 Kan. 539. When a juror is heard to impeach his own verdict because of some matter resting in his own consciousness, the power is given to him to nullify the expressed conclusions under oath of himself and eleven others. `The general rule is that affidavits of jurors are admissible to explain and uphold their verdict, but not to impeach and overthrow it. But this general rule is subject to this qualification, that affidavits of jurors may be received, for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room which does not essentially inhere in the verdict itself.' See Perry v. Bailey, supra.
"The rule is general, with but few exceptions, if any, that the testimony of jurors will not be received to impeach their verdict. See Bartlett v. Patton, 33 W. Va. 71, 10 S.E. 21, 5 L.R.A. 523, and note; 27 R.C.L. 896.
"The rule announced in the Kansas case seems to us to be a salutary one and more consistent with reason and sound policy. That rule, as announced by Mr. Justice Brewer, is that [as to] all those matters lying outside the personal consciousness of the individual juror, those things which are matters of sight and hearing, and therefore accessible to the testimony of others and subject to contradiction, the interests of justice will be promoted and no sound public policy disturbed if the secrecy of the jury box is not permitted to be the safe cover for the perpetration of wrongs upon parties litigant. If the jury has been guilty of no misconduct, no harm has been done by permitting their testimony to be received. If the jury has been guilty of misconduct, but such misconduct was not of such a nature as to prejudice the rights of the parties, the verdict should stand, but the offending juror should be punished. But if such misconduct has wrought prejudice, not only should the juror be punished, but the verdict should also be set aside; but matters resting in the personal consciousness of one juror should not be received to overthrow the verdict, because, being personal, it is not accessible to other testimony." See also Coker v. Hayes, 16 Fla. 368; Johnson v. State, 144 Fla. 87, 197 So. 721; Roberts v. State, 154 Fla. 36, 16 So.2d 435.
In disposing of this appeal it should be noticed that the provisions of Chapter 920, Florida Statutes 1951, F.S.A., authorize the trial court, when a verdict has been rendered against a defendant, to grant a new trial, upon the establishment of certain specified grounds, if the substantial rights of the defendant have been prejudiced. One of the specific grounds is when from any cause not due to his own fault, the defendant has not received a fair and impartial trial. See section 920.05, Florida Statutes 1951, F.S.A.
As we have stated, the motion for new trial filed by the defendant contained grounds other than the ground upon which the new trial was granted. It is plain that the trial judge gave no consideration to these grounds because of his view that the ground upon which he bottomed the new trial was sufficient to sustain his order. Because there has been no ruling on these grounds we are of the opinion that the ends of justice require that the order appealed from should be reversed, but with directions that the trial judge consider the grounds of the motion, other than the ground upon which he bottomed his order, and determine whether upon such grounds or pursuant to the provisions of sections 920.01 and 920.05, Florida Statutes 1951, F.S.A., the defendant has established his right to a new trial.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.