SHANNON, Judge.
The appellant, defendant below, was convicted of receiving stolen property and from the judgment he appeals.
*60 The defendant urges a reversal upon three points:
1. Was venue proven?
2. Was it reversible error to sustain the objections to the defendant’s propounding of certain questions to the State’s witness?
3. Was the evidence sufficient to establish that the defendant had knowledge that the property was stolen?
Defendant was in business buying and selling scrap metal and various types of building material, including prefabricated windows and doors, which were the subject matter of the charge against him. Between March and June, 19S6, he had made purchases of prefabricated windows and doors from Mamón Tisdol, which merchandise was delivered to the defendant. Ma-món Tisdol was a self-confessed thief who had stolen this merchandise, and other, from Miami and had sold it to the defendant and, he testified, that he had told the defendant at the time of sale that the property was tolen. Defendant denied that he knew it stolen, and upon proper instructions the jury chose to believe Mamón Tis-dol. On his first point the defendant urges that the State totally failed to establish venue.
Regardless of whether or not the State did establish venue, the defendant, when he took the stand in his own behalf, testified as follows:
“Q. And of course, all of these transactions that we are talking about now, where you went to his plant and picked up these goods, they occurred in Broward County, didn’t they?
“A. Yes, sir.
“Q. There isn’t any question about that part, is there ?
“A. No, sir.”
In this case the defendant had made a motion for a directed verdict at the conclusion of the State’s case, which motion was denied and the above testimony -was then elicited from defendant. For this proposition we think it only necessary to refer to
one Florida case, which is Roberts v. State, 154 Fla. 36, 16 So.2d 435, where Roberts was tried and convicted in Duval County for the crime of having unlawful carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years. In that case the State had failed to prove that the crime had occurred in Duval County. At the close of the State’s case, the lower court denied defendant’s motion for a directed verdict. Thereafter the defendant took the stand and testified in his own behalf and in so testifying, he freely admitted having intercourse with the prosecuting witness and, upon cross-examination, he stated that the act was consummated in Duval County, Florida. Mr. Justice Sebring had this to say:
“(1) Under these circumstances we are of opinion that if the trial judge committed error in refusing to grant the motion for directed verdict made at the close of the State’s case, it was harmless error which did not injuriously affect the substantial rights of the appellant, for from the whole evidence in the case the place of the commission of the offense is not left in doubt. See Sec. 924.33, Florida Statutes 1941, F.S.A.; Powers v. State, 156 Miss. 316, 126 So. 12; State v. McCutchan, 219 Iowa 1029, 259 N.W. 23; Farrin v. State, 112 Neb. 608, 200 N.W. 54. What our conclusion would have been had the defendant not voluntarily offered himself as a witness in his own behalf and thus subjected himself to proper cross-examination concerning the matters testified to by him on direct examination is a matter not necessary to be decided, in the light of the record before us.”
On the second question, defendant urges reversible error because the trial court sustained the State’s objection to certain cross-examination questions that were asked Mamón Tisdol. Mamón Tisdol was the chief State witness and, upon cross-examination, he admitted that he had two trucks in operation and was in the business of selling and making delivery on the stolen *61 merchandise from three different warehouses to numerous people. Defendant then asked the witness the following question :
“Q. Did you ever sell any jalousies to Twin Lumber Co.?”,
to which the court sustained the State’s objection. The court excused the jury and stated:
“Mr. Varón, I sustain the State’s objection, and you are instructed not to go into what the Defendant (the court meant Tisdol) sold other people.”
The defendant made a proffer at that time that if he were allowed to cross-examine Tisdol, he would admit he sold jalousies to many other people, naming them, but the trial court rejected defendant’s proffer, stating:
“Court: Mr. Varón, you understand the Court’s ruling on this is solely now.
“Mr. Varón:. I understand the device, Your Honor, so that I can use him as my witness, and lose the opening and closing argument, I know very well what it is.
Court: Bring the jury back.”
In other words under the court’s ruling the defense takes the position that if he had to call Tisdol as a defense witness, he would then lose the opportunity of the closing argument. Undoubtedly, he would have lost this closing argument, but is his purported cross-examination of the witness Tisdol germane? The witness had not testified as to whom he had sold the stolen merchandise on direct examination. He admitted he was a thief, admitted he stole merchandise, and testified he sold it to the defendant. In his proffer he did not offer, and no where in the evidence did any witness specifically testify, so as to connect other acts of Mamón Tisdol with the specific charge for which the trial was being held. In the defendant’s brief he relies upon a statement from 58 Am.Jur., page 350, Section 629, as follows:
“ * * * it is error for the trial court to refuse to permit the cross-examination of a witness to extend to all matters germane to the direct examination, for such a cross-examination is a matter of absolute right and is not a mere privilege. * * ⅜ if a question is within the scope of direct examination it is not objectionable on cross-examination because it tends to establish a defense to the action.”
It is further stated in the same work in Section 632, page 352:
“ * * * when the direct examination opens a general subject, the cross-examination may go into any phase, and may not be restricted to mere parts which constitute a unity, or to the specific facts developed by the direct examination. Cross-examination should always be allowed relative to the details of an event or transaction a portion only of which has been testified to on direct examination. As has been stated, cross-examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to in chief by the witness on cross-examination.”
If we could see that there was any relevancy at all in the question of defendant’s proffer, we would reverse the lower court, but we fail to see the relevancy and hence, we will have to affirm the trial court on this.
The next question that defendant raises is that he should be given the benefit of a reasonable doubt where evidence adduced by the State is insufficient to establish that the defendant had knowledge that the property was stolen. This is primarily a question of conflict of evidence. The defendant says he had no knowledge that the property was stolen while the chief witness for the State said that he so advised the defendant. This witness was a thief *62 ■and the fact that he was a thief was brought ■out during the trial. The jury, having heard the testimony, brought back the verdict of conviction and the trial court overruled the motion for a new trial. There was sufficient evidence for the jury to either have convicted the defendant or have turned him loose. They convicted him and it is not the duty of this court, on a question of disputed fact, to substitute its judgment for that of a jury.
Affirmed.
ALLEN, Acting Chief Judge, and STEPHENSON, GUNTER, Associate Judge, concur.