# STATE v. COUCH.
## No. 4935.

Circuit Court, Dade County, Criminal Appeal.

November 7, 1961.

Prebish & Duval, Miami, for appellant.

Richard E. Gerstein, State Attorney, Joan Elizabeth Odell, Ass't. State Attorney, for appellee.

FRANCIS J. CHRISTIE, Circuit Judge.

This matter is here before me upon an appeal from a traffic conviction in the metropolitan court in and for Dade County. The appellant, James Lee Couch, was the defendant in the trial court, and the appellee, County of Dade, was the prosecution.

James Couch was charged with and convicted of driving while under the influence of intoxicating liquor to the extent that his normal faculties were impaired, in violation of the Traffic Ordinance of Dade County.

Upon appeal, he urged that — (1) he was entitled to a jury trial, and (2) that the evidence was insufficient to sustain his conviction.

As to appellant's first contention, the Florida Supreme Court has ruled that persons charged with this offense are not entitled to a trial by jury. Todd v. County of Dade, Boyd v. County of

Dade (Fla. Sup. Ct. 1960), 123 So. 2d 323. The trial court was eminently correct in denying the appellant's request for a jury trial.

As to appellant's second contention, the record shows that the appellant made a motion for a directed verdict at the close of the state's case upon the grounds that the county had "not put him in the automobile." This motion was denied. The appellant then took the stand and testified, among other things, that he was the driver of his damaged motor vehicle. Questioning the sufficiency of the evidence, the appellant urged this court to disregard his testimony and consider only the county's case against him, since the trial court had denied his motion for a directed verdict.

The county argued that even if a trial court errs in refusing to direct a verdict at the conclusion of the plaintiff's case, the error is harmless when the defendant takes the stand and admits the fact in question, and that the appellate court has the right to consider all of the evidence, including the defendant's testimony, in ruling upon the question of sufficiency of the evidence.

This court is of the opinion that the county correctly stated the controlling rule, as set forth in Kozakoff v. State (Fla. DCA 2d, 1958), 104 So. 2d 59; Roberts v. State, 154 Fla. 36, 16 So. 2d 435, and other leading cases cited in the county's memorandum brief. This court holds that the evidence is sufficient to sustain the conviction, and that the trial court did not commit reversible error in any of its rulings. The judgment and conviction are therefore affirmed.